Williams, J.
If the court in Washington county had jurisdiction to render the judgment set up in the answer, this action, obviously cannot be maintained. It is fundamental that a valid judgment rendered on a demand establishes it in the most authentic form known to the law, and the demand so merged in the judgment cannot be made the basis of another action between the same parties; thereafter the judgment is a new debt of a higher nature which may itself be the foundation of an action. But it is equally clear that the judgment, to have that effect, must be one rendered by a court having jurisdiction of the parties, as veil as of the subject matter; and if the court was without such jurisdiction, its judgment is as unavail-' ing as a defense to a suit on the original demand, as *429 it would be in'support of an action founded on the judgment. Tlie demurrer to the reply admits that in the former action no summons was served on the defendant, who, during its pendency, was a non-resident of this state, and that no jurisdiction was obtained by the court otherwise than by the seizure of his property on the attachment, and service by publication as authorized in such cases. Jurisdiction, upon such service, to subject property within the reach of the court’s process to the satisfaction of the debts of its non-resident owner, is not questioned, nor is the power of the state to confer such jurisdiction on its courts. But a proceeding of that nature is essentially one in rem, and the jurisdiction is acquired only where property of the defendant is brought within the control of the court, and is exhausted by the appropriation of the property on the plaintiff’s demand. The judgment rendered as the basis for the distribution of the attached property to its payment will not support an execution against other property of the defendant for the collection of any balance then remaining unpaid. There is an entire lack of power in the court to render a valid judgment in personam against a resident of another state, who has neither been summoned nor voluntarily entered his appearance. Constructive. service has no further effect than to give regularity to the proceedings for the proper application of the attached property. This was substantially held in Pelton v. Platner, 13 Ohio, 209; and the principle has been repeatedly maintained by the Supreme Court of the United States. The extent of the court’s jurisdiction in such cases, is clearly defined by Mr. Justice Field in Freeman v. Alderson, 119 U. S., 188, as follows: “The state has jurisdiction over property within its limits owned by non-residents, and may, *430 therefore, subject it to the payment of demands against them of its own citizens. It is only in virtue of its jurisdiction over the property, as we said on a former occasion, that its tribunals can inquire into the non-resident’s obligation to its own citizens; and the inquiry can then proceed only so far as may be necessary for the disposition of the property. If the non-resident possesses no property in the state, there is nothing upon which its tribunals can act. Pennoyer v. Neff, 95 U. S., 714, 723. They cannot determine the validity of any demand beyond that which is satisfied by the property. ' For any further adjudication, the defendant must be personally served with citation or voluntarily appear in the action. The laws of the state have no operation outside of its territory, except so far.as may be allowed by comity; its tribunals cannot send their citation beyond its limits and require parties there domiciled to respond to proceedings against them; and publication of citation within the state cannot create any greater obligation upon them to appear. Ib., page 727. So, necessarily, such tribunals can have no jurisdiction to pass upon the obligations of non-residents, except to the extent and for the purpose mentioned.”
And in Cooper v. Reynolds, 10 Wall., 308, where it became necessary to declare the effect of a personal action against an absent party without the jurisdiction of the court, and not served with process or voluntarily appearing in the action, and whose property was attached, and sought to be subjected to the payment of the demand of the resident plaintiff, Mr. Justice Miiler, after stating the general purpose of the action, and the inability to serve process upon the defendant, and the provision of law for attaching his property in such cases, said: “If the do *431 fendant appears, the cause becomes mainly a suit in personam, with the added incident that the property attached remains liable, under the control of the court, to answer to any demand which may be established against the defendant by the final judgment of the court. But if there is no appearance of the defendant, and no service of process on him, the case becomes in its essential nature a proceeding in rem, the only effect of which is to subject the property attached to the payment of the demand which the court may find to be due to the plaintiff. That such is the nature of this proceeding in- this latter class of cases is clearly evinced by two well established propositions: First, the judgment of the court, though in form a personal judgment against the defendant, has no effect beyond the property attached in that suit. No general execution can be issued for any balance unpaid after the attached property is exhausted. No suit can be maintained on such a judgment in the same court, or in any other; nor can it be used as evidence in any other proceeding not affecting the attached property; nor could the costs in that proceeding be collected of defendant out of any other property than that attached in the suit. Second, the court, in such a suit, cannot proceed unless the officer finds some property of defendant on which to levy the writ of attachment. A return that none can be found is the end of the case, and deprives the court of further jurisdiction, though the publication may have been duly made and proven in court.” Page 318.
It is sought to establish a different operation for the judgment plead in bar in this case, by an observation of the court in Pelton v. Platner, supra, and the statutory provision there referred to. That case involved the judgment of a justice of the peace, in at *432 tachment, and Wood, J., in the opinion, page 219, remarked that in regard to “such judgments rendered in the common pleas, our statute has made express provision that the judgment shall stand, and execution issue thereon as in other cases.” That provision, now contained in section 5555, of the Revised Statutes, is that: “If judgment he rendered for the plaintiff, it shall be satisfied” out of the attached property, which shall be sold by order of the court for that purpose, etc.; and “if there be not enough to satisfy the same, the judgment shall stand, and execution may issue thereon for the residue in all respects as in other cases.” This last clause evidently has reference to those cases in which the defendant has been served with summons or appeared in the action, and in which, therefore, a personal judgment is properly rendered against him. Many, if not a majority of cases under our attachment laws are of that nature, and to them this provision of the statute may have full and proper application. But to extend its application to cases against non-residents of the state who have not been summoned or appeared, though its language be broad enough to admit of that construction, would bring it into conflict with the constitutional guaranty of due process of law. Pennoyer v. Neff, 95 U. S., 714; Freeman v. Alderson, supra; Kingsborough v. Tousley, 56 Ohio St., 450, 459.
For a like reason a personal ’judgment in such cases derives no force, as counsel seem to contend, from the provision of section 5355, of the Revised Statutes, which authorizes a party against whom a judgment has been rendered without other service than by publication in a newspaper, to have it opened up and be let in to defend, on his application within a specified time. That remedy is available when the proceedings *433 are regular and the judgment is one which the court had jurisdiction to render; and could be pursued to obtain the vacation of the judgment appropriating the attached property to the satisfaction of the plaintiff’s demand. But neither the remedy, nor the failure to pursue it, can supply the want of jurisdiction to render a personal judgment on such constructive service.
We are thus brought to the conclusion that, upon the facts appearing in the pleadings, the balance remaining unpaid on the plaintiff’s claim after the application of the proceeds of the property attached in the Washington county case, was not merged in the judgment therein rendered, and that judgment is not a bar to the present action.

Judgment reversed.

Minshall, C. J., Burket, Speak, Davis and Shauck, JJ., concur.