MYRTLE B. POPLAR et al., Appellants, *v.* BOURJOIS, INC., Appellant and Respondent, and LORSCHEIDER SCHANG Co., INC., Impleaded Defendant-Respondent.

Argued April 12, 1948; decided June 11, 1948.

*Chester B. McLaughlin, Lester D. Stickles* and *Rodger Whelan* for appellants. I. In order to impose liability for negligence only the initial injury need be foreseen. (*Pearlman* v. *Garrod Shoe Co.*, 276 N. Y. 172; *Milks* v. *McIver*, 264 N. Y. 267; *McCahill* v. *New York Transp. Co.*, 201 N. Y. 221; *Welch* v. *Enright*, 257 App. Div. 685; *Lang* v. *Stadium Purchasing Corp.*, 216 App. Div. 558.) II. The Appellate Division erred in holding as a matter of law that infection cannot be foreseen as a result of a small wound. (*Adlam* v. *Konvalinka*, 291 N. Y. 40; *Pearlman* v. *Garrod Shoe Co.*, 276 N. Y. 172; *Moch Co.* v. *Rensselaer Water Co.*, 247 N. Y. 160; *Busch* v. *Interborough R. T. Co.*, 187 N. Y. 388; *Rich* v. *New York C. & H. R. R. Co.*, 87 N. Y. 382; *Cox* v. *Mason*, 89 App. Div. 219.) III. The Appellate Division erred in holding that an object or situation cannot, as a matter of law, be " inherently dangerous," simply because it is apparently capable of inflicting only a small initial wound. (*Prokopowicz* v. *11 West 42nd Street, Inc.*, 289 N. Y. 350; *Pearlman* v. *Garrod Shoe Co.*, 276 N. Y. 172; *Smith* v. *Peerless Glass Co.*, 259 N. Y. 292; *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382; *Hordern* v. *Salvation Army*, 199 N. Y. 233; *Pickard* v. *Woolworth Co.*, 280 N. Y. 816.) IV. The " inherently dangerous " test has been abandoned as a means of determining the liability of a remote vendor. (*Langridge* v. *Levey*, 2 M. & W. 519; *Winterbottom* v. *Wright*, 10 M. & W. 108; *Donoghue* v. *Stevenson* [1932], A. C. 562; *Mayor of Albany* v. *Cunliff*, 2 N. Y. 165; *Thomas* v. *Winchester*, 6 N. Y. 397; *Huset* v. *Case Threshing Mach. Co.*, 120 F. 865; *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382; *Carter* v. *Yardley & Co.*, 319 Mass. 92.)

*Patrick E. Gibbons* for defendant, respondent and appellant. The complaint was properly dismissed. (*MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382; *Genesee Co. Patrons Fire Relief Assn.* v. *Sonneborn Sons*, 263 N. Y. 463; *Smith* v. *Peerless Glass Co.*, 259 N. Y. 292; *Noone* v. *Perlberg, Inc.*, 268 App. Div. 149, 294 N. Y. 680; *Field* v. *Empire Case Goods Co.*, 179 App. Div. 253; *Liedeker* v. *Sears, Roebuck & Co.*, 249 App. Div. 835, 274 N. Y. 631; *Boyd* v. *American Can Co.*, 249 App. Div. 644, 274 N. Y. 526; *Jaroniec* v. *Hasselbarth, Inc.*, 223 App. Div. 182; *Pickard* v. *Woolworth Co.*, 280 N. Y. 816; *State* v. *Fox & Sons*, 79 Md.

514; *Flaccomio* v. *Eysink,* 129 Md. 367; *State* v. *Consolidated Gas Co.,* 146 Md. 390; *Rounds* v. *Phillips,* 166 Md. 151.)

*Arthur W. Graef* and *Louis W. Arnold, Jr.,* for defendant-respondent.

FULD, J. A day or two after Christmas, 1940, as Myrtle Poplar was showing her sister perfumes and cosmetics which her husband had given her, she pricked her finger on the point of a silvery metal star that adorned the gift box in which they were contained. A serious streptococcus infection developed, she became gravely ill, and the infected finger had to be amputated. Following an unsuccessful suit in Maryland for breach of warranty against the Baltimore department store where the article had been purchased (*Poplar* v. *Hochschild, Kohn & Co.,* 180 Md. 389), this negligence action was brought against Bourjois, Inc., by Mrs. Poplar to recover for her injuries and by her husband for the loss of her services and for medical expenses.

Bourjois is a producer of perfumes, cosmetics and kindred articles. In 1940, it bought a large quantity of boxes from Lorscheider Schang Co., Inc., which manufactured them according to the former's specifications. Each was of cardboard overlaid with a silk fabric, about a foot square and three inches deep; the two cover lids were quilted, and to each was glued a thin and sharply pointed metal star some three inches from point to point. In anticipation of the 1940 Christmas trade, Bourjois packed about 10,000 of these cardboard boxes with its products, stamped its name prominently upon the cover, and marketed the entire package as its own. It sold some of them to a department store in Baltimore, Maryland, and it was one of those that Mr. Poplar, living in nearby Havre de Grace, bought for his wife.

The charge of negligence leveled at Bourjois was that it had failed to have the injury-producing star fastened securely to the box, and there was evidence that the point of the star had become slightly upturned so that it was not flush with the cover. It was claimed that defendant Bourjois' carelessness rendered the article " dangerous to life and limb ". For its part, Bourjois denied the charge of negligence and impleaded

the manufacturer Lorscheider, charging it with liability over. A trial was held; the jury returned a verdict in favor of plaintiffs against Bourjois and in favor of Lorscheider on the cross complaint. The Appellate Division reversed the judgment in plaintiff's favor and dismissed the complaint.

Whether defendant, as manufacturer — for so Bourjois must be treated (*Armour & Co.* v. *Leasure,* 177 Md. 393, 412; *Commissioners of State Ins. Fund* v. *City Chemical Corp.,* 290 N. Y. 64, 69) — owed a duty of care to any one other than its immediate purchaser is the problem for determination, and since the wrong occurred — that is, plaintiff was injured and the harmful force took effect — in the State of Maryland, decision must be made according to the law of that jurisdiction. (See *Benton* v. *Safe Deposit Bank,* 255 N. Y. 260, 265; *Hunter* v. *Derby Foods, Inc.,* 110 F. 2d 970, 971–972; *Openbrier* v. *General Mills, Inc.,* 340 Pa. 167, 169; see, also, Restatement, Conflict of Laws, § 377, pp. 454–455; § 384.) We are not called upon to consider or decide whether recovery would be permitted under the common law of New York by either application or extension of the rule announced in *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382).

We turn, then, to the law of Maryland. The courts of that State have made it clear that no recovery may be had against manufacturers for injuries caused to third persons with whom they have no direct dealings unless they are " manufacturers or compounders of articles or substances which in themselves are imminently and inherently dangerous " when defectively made. (*State* v. *Consolidated Gas Co.,* 146 Md. 390, 399; see, also, *State* v. *Katcef,* 159 Md. 271, 278.) In Maryland, as elsewhere, whether a particular article is or is not capable of being characterized as inherently dangerous is determined as each case is presented, without exact yardstick or precise definition. (See Russell, Manufacturers' Liability to the Ultimate Consumer, 21 Ky. L. J. 388, 405–406.) In general, though, the injury-producing article may not be considered inherently dangerous within the rule unless it is generally and commonly regarded as one which, " when defectively made " is " a menace to the health and lives of any person " who might use it. (*State* v. *Consolidated Gas Co., supra,* p. 399.) Study of the few Maryland cases in point demonstrates that the term " inherently dangerous " has been given an exceedingly restricted conno-

tation. In the *Consolidated Gas Co.* case (*supra*), for instance, where plaintiffs' infant son was poisoned by noxious gas fumes which escaped from a negligently constructed heater, the court, in dismissing the action, explicitly declared that the heater could not be considered " inherently dangerous when defectively made " (146 Md., at p. 399). Under such a decision, it must necessarily follow that an article which normally inspires as little expectation of disaster as a decorated cosmetics container may not be deemed an article imminently or inherently dangerous.

Recovery against Bourjois was, therefore, correctly denied, and we could conclude at this point were it not for certain observations of the Appellate Division on the subject of foreseeability,— uttered, perhaps, in an endeavor to define that very elusive concept, " inherently dangerous ". We cannot agree with the intimations in that court's opinion that Bourjois could not be held liable for the reason that it could neither foresee the " remote " eventuality that a " streptococcus germ might be present where plaintiff's finger was pricked and get into her blood stream " (272 App. Div., at p. 76) nor anticipate " so extraordinary and unpredictable a result " as an amputation " from the otherwise trivial puncturing of her skin " (272 App. Div., at p. 75).

As a general proposition, liability for negligence turns upon the foreseeability of any harm resulting from the careless conduct, not upon the foreseeability of the exact nature and extent of the injury which does in fact ensue. (See 1 Cooley on Torts [4th ed.], § 53, pp. 140–141; Seavey, Cardozo and the Law of Torts, 52 Harv. L. Rev. 372, 384.) If a negligent act be the reasonable and proximate cause of an injury — that is, if the plaintiff's injury is traceable to the defendant's negligence without the intervention of any other independent, legally operative event — the injured person is entitled to recover for the harm actually suffered, even though the precise nature and extent of those injuries, as they finally developed, were more severe than could ordinarily have been foreseen. (See *Tice* v. *Munn*, 94 N. Y. 621; *Baltimore City Passenger Ry. Co.* v. *Kemp*, 61 Md. 74, 80–81.) In other words, a defendant is chargeable for all the harm and suffering which his negligent act

brought on even though the plaintiff's injuries were aggravated by his own predisposition or weakness (see *McCahill* v. *New York Transp. Co.,* 201 N. Y. 221; *Lang* v. *Stadium Purchasing Corp.,* 216 App. Div. 558) or by the intervening mistake or negligence of a physician who treated the original injury. (See *Milks* v. *McIver,* 264 N. Y. 267, 269–270). An infection, unquestionably connected to, and flowing from, an injury carelessly caused, should be and is equally chargeable to the careless defendant. (See *Adlam* v. *Konvalinka,* 291 N. Y. 40; *Matter of Connelly* v. *Hunt Furniture Co.,* 240 N. Y. 83, 86.) So, in the present case, if Bourjois owed a duty to ultimate purchasers and could be held liable to plaintiffs for marketing the box in a defective condition, it would likewise be liable for all the proximate results of its negligence, including infection and amputation of the finger. It would be legally inconsequential that the amputation was less clearly to be foreseen than a simple scratch or pin prick.

However, as already observed, our determination that the complaint was properly dismissed is dictated by the Maryland decisions which point the conclusion that, as matter of law, an article such as the Bourjois box may not be regarded as inherently dangerous, a menace to health and life.

The judgment of the Appellate Division should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Judgment affirmed.