THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN TOWER, alias HARRY MASON, Appellant.— Defendant appeals from a judgment of the County Court, Queens County, convicting him of the crime of unlawful entry, a misdemeanor, upon his plea of guilty, and sentencing him to imprisonment in the New York city penitentiary. Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ.

MARY RAMSAY, Respondent, v. TRIBORO COACH CORPORATION, Appellant.— In an action to recover damages for personal injuries suffered when the doors of appellant's bus closed upon respondent's knee, the jury rendered a verdict for $3,250 in favor of respondent. The trial court set aside the verdict and granted a new trial unless appellant stipulate to increase the verdict to $7,000. Order granting respondent's motion to set aside the verdict reversed, without costs, motion denied, without costs, verdict reinstated and judgment directed to be entered thereon. On the evidence, the jury had a basis for finding that such injuries and damages as are attributable to the bus accident are fairly compensable in the amount of $3,250. Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.

JOAN F. SCHMITT, an Infant, by JOHN L. SCHMITT, Her Guardian ad Litem, et al., Respondents, v. HOUSE OF ST. GILES THE CRIPPLE, Appellant.— In an action by the infant plaintiff to recover damages for personal injuries sustained in a fall while a patient in defendant hospital, and by her father for medical expenses, defendant appeals from a judgment in favor of plaintiffs entered on the verdict of a jury. The accident occurred while the infant, on crutches for the first or second time after having been in bed for three weeks with her leg in traction, and complaining of dizziness, was left unattended by a nurse who went out of the room to answer the telephone. The trial court charged, without exception, that it was " the duty of the defendant hospital to use reasonable care for the protection of the plaintiff from injuries due to negligence in the administration and operation of the hospital not directly concerned with medical treatment." Judgment unanimously affirmed, with costs. Under the court's charge, the jury could find from the evidence that the nurse's act in leaving the infant plaintiff without supervision was an administrative act which was the proximate cause of her injuries. (Cf. *Santos* v. *Unity Hosp.*, 301 N. Y. 153; *Iacono* v. *New York Polyclinic Med. School & Hosp.*, 296 N. Y. 502; *Corten* v. *Harbor Hosp.*, 279 App. Div. 673, and *Poplar* v. *Bourjois, Inc.*, 298 N. Y. 62, 67–68.) Present — Nolan, P. J., Wenzel, Schmidt, Beldock and Murphy, JJ.