■ Frances Rizzo, as Administratrix of the Estate of Frank Rizzo, Deceased, Respondent, v. Alfred L. Mendelsohn, Appellant, et al., Defendant. — Respondent has recovered a judgment against appellant in an action to recover damages for wrongful death and conscious pain and suffering. The complaint alleges and respondent testified that while she was driving a motor vehicle, in which the intestate was riding, on a one-way street between a double-parked truck on one side of the street and appellant's motor vehicle which he was in the process of backing into a parking space on the other side, appellant moved his car causing it to come into contact with hers. Appellant testified that his car was not in motion at the time of the accident and that respondent's car struck his car slightly as she was attempting to pass through

the space between it and the truck. Respondent claimed that her intestate, who had suffered from a rheumatic heart for many years prior to the accident, died as a result of the accident nine days thereafter. The appeal is from the judgment insofar as it is in favor of respondent and against appellant. Judgment insofar as appealed from reversed and a new trial granted, with costs to abide the event. In our opinion, the judgment in favor of respondent was not improper as a matter of law, because the contact between the cars was relatively slight and the intestate apparently suffered no visible injuries. (Cf. *Comstock* v. *Wilson*, 257 N. Y. 231; *Poplar* v. *Bourjois, Inc.*, 298 N. Y. 62, 67–68.) We believe, however, that the evidence was insufficient to establish that the intestate's death was a proximate result of the accident. (Cf. *Seifter* v. *Brooklyn Heights R. R. Co.*, 169 N. Y. 254, 264; *McQuade* v. *Metropolitan St. Ry. Co.*, 84 App. Div. 637.) Moreover, on the record presented, appellant could be found negligent only if his car was in motion and struck the car operated by respondent, and it was error, therefore, to refuse to charge, as he requested, that if his car did not move the verdict should be in his favor. (Cf. *Burger* v. *Fifth Ave. Coach Co.*, 249 N. Y. 583; *Fuchs* v. *Brody*, 282 N. Y. 627.) Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.