Aron Steuer, J.
As a result of an airplane accident, plaintiff’s intestate was killed. The administratrix brings this action against the carrier and two other defendants, the builder of the airplane and the manufacturer of the altimeter which was incorporated in the plane. The second cause of action directed against the former and the third directed against the latter, are both based on breach of warranty.
On the motions to dismiss these causes of action the questions raised are identical. Plaintiff makes no claim that according to the law of New York any cause of action is stated. Plaintiff claims that the law of California applies and that according to the law in that State there is an implied warranty of fitness which inures to the benefit of the plaintiff. The only allegations of the complaint which have to do with locality are that the flight in question originated in Illinois and the accident was in New York.
It is plaintiff’s contention both that the plane was sold to the carrier and that the altimeter was sold to the builder and installed in the plane in California. Plaintiff further contends that allegations to that effect are unnecessary. This conclusion is derived from the claim that foreign law need no longer be pleaded as it is a matter of judicial notice. While the claim is not an inclusive statement of the law either of pleading or substantively, it may be adopted for the purposes of discussion. It remains the law however that where a party intends to invoke foreign law he must set out facts which show that foreign law is applicable and the law of what foreign jurisdiction will be *217 relied on. It must be obvious that a defendant cannot be expected to meet a claim that may be good somewhere without being apprised of where it will be claimed the events on which liability is based took place.
Plaintiff’s difficulty is however greater than that involved in the failure to allege the place of sale. The accident took place here. It is the place of injury that determines the rights of the parties. And where recovery is sought on the theory of breach of warranty the governing law is that of the jurisdiction in which the accident rather than the sale took place (Poplar v. Bourjois, Inc., 298 N. Y. 62). It is true that in certain types of cases involving transportation, the status of the plaintiff (whether passenger or licensee) may be determined by the law of the place where the ticket was issued, but the rights of a person having the status so determined are fixed by the law of the place of the accident. But where, as here, the plaintiff’s intestate made no contract with the defendant, the law of the place where other parties contracted can have no influence on the case.
It must be conceded that the efforts to extend the doctrine of liability for breach» of warranty, proceeding, as they do, on emotional rather than logical grounds, produce situations which are not easily resolved by reason. Basic principles are lost sight of or ignored. The consequences may be self-defeating. In this case extending plaintiff’s theory to its next step, there would be no objection to suit against the person who supplied the manufacturer with either machinery, appliances or material. And then would come the one who did the same for that manufacturer or supplier until the chain of liability extended back to such a degree that a trial would involve so many parties and issues as not to be justifiable.
Motions are granted. Plaintiff may plead over by serving an amended complaint on or before February 23, 1960 on payment of $10 costs. This permission is not granted for the purpose of supplying the defect indicated above, nor of rephrasing the causes of action, but to allow plaintiff to proceed against the parties on a different theory.