the other cases cited herein indicate that the definite and persuasive trend is toward the abrogation of this anachronism.

In view of the evident trend in the State of Texas and elsewhere, I am inclined to conclude that the Supreme Court of Texas would not apply the requirement of privity to the causes of action or claims which are attacked by this motion.

The defendant's motion is denied.

So ordered.

---

Speiser, Quinn & O'Brien, New York City, for plaintiff. Robert A. Dwyer, New York City, of counsel.

Mendes & Mount, New York City, for defendant. Kenneth R. Thompson, George W. Clark, New York City, of counsel.

LEVET, District Judge.

The defendant, Republic Aviation Corporation (hereinafter designated as "Republic"), has moved pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. for an order dismissing the second alleged cause of action in the complaint for the failure to state a claim upon which relief can be granted. The question involved is whether this claim, which is predicated upon the breach of an implied warranty of quality and fitness, must be dismissed upon the ground that there was lack of privity between plaintiff and the defendant.

**Delton H. CONLON, Plaintiff,**

v.

**REPUBLIC AVIATION CORPORATION, Defendant.**

United States District Court
S. D. New York.
March 29, 1960.

The plaintiff brings this action to recover for personal injuries sustained by him in the crash of an aircraft, commonly known as a "SeaBee," manufactured and sold by the defendant Republic. At the time of the crash the plaintiff was riding as a passenger in the aircraft, which was owned and operated by his employer, Precision Automatic Company. The crash occurred during a take-off from Austin Lake Airport, Kalamazoo, Michigan on April 29, 1957.

The first cause of action is based upon negligence and is not involved in this motion.

The second cause of action is founded upon the breach of an implied warranty of quality and fitness. The defendant

866

contends that this cause of action should be dismissed upon the ground as above stated.

 Since the accident happened in Michigan, the New York Conflict of Laws Rule requires that the substantive law of the State of Michigan be applied. See Poplar v. Bourjois, Inc., 298 N.Y. 62, 80 N.E.2d 334 (1948); Hunter v. Derby Foods, Inc., 2 Cir., 1940, 110 F.2d 970, 133 A.L.R. 255; Goldberg v. American Airlines, Inc., Supreme Court, New York County, 1960, Steuer, J., 23 Misc.2d 215, 199 N.Y.S.2d 134.

The Michigan Supreme Court in an opinion written by Mr. Justice Voelker, dated June 12, 1958, rejected the requirement of privity in an action for breach of an implied warranty against a manufacturer. Spence v. Three Rivers Builders & Masonry Supply, Inc., 1958, 353 Mich. 120, 90 N.W.2d 873.

As stated by Mr. Justice Voelker in the Spence case, supra:

"We can also find no reason in logic or sound law why recovery in these situations should be confined to injuries to persons and not to property, or allowed in food and related cases and denied in all others. Nor, least of all, can we divine why our Court should ever have felt compelled, in the generally narrow circumstances where it has allowed any recovery at all, to split up the duty of care into esoteric degrees of high, low or medium, as though care were a chancy and fluctuating barometer of conduct which rose or fell depending on the state of our livers." 90 N.W.2d at 878.

Justice Voelker in the same case further commented:

"In addition we observe that the modern trend in other jurisdictions is to permit recovery by remote vendees against the manufacturer whether the action sounds in negligence or on an implied warranty or both. Thus at page 53 in the 1957 cumulative supplement to 46 Am. Jur. [, Sales,] § 825, p. 947, the supplemental text reads as follows: 'To recover damages for an injury from goods purchased, a plaintiff may rely upon negligence alone or upon an implied warranty, or may plead negligence and recover on the implied warranty, or, upon pleading both, may waive the tort and recover on the implied warranty.'

"A succinct but thorough thumbnail sketch of the history and development of this doctrine of liability of a manufacturer to a remote vendee appears in the 1957 supplement to 46 Am.Jur., Sales, at pp. 47–49, which in turn appears to be based to a large extent on a similar annotation in 164 A.L.R. 569. The supplementary text traces how the doctrine of nonliability crept into our law from a casual dictum in an English case decided in 1842 (which, to add to the delightful irony, did not even involve a manufacturer), and how many American courts quickly fell upon this ancient dictum and blew it up into a 'general rule' to relieve manufacturers of all liability; of how our courts then gradually grafted upon it a bizarre cluster of 'exceptions,' some of which we have already noted, which wondrously grew and grew until, in all truth—much like the boa constrictor swallowing itself—the exceptions devoured the rule; and how the English in due course sensibly scuttled their earlier dependence on this old dictum while many of our American courts remained tenacious in their devotion to the old 'rule'—many, indeed, even after Justice Cardozo's historic decision in MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A. 1916F, 696 [p. 879]

\* \* \* \* \* \*

"As noted, there is a leading annotation on this whole subject in 164 A.L.R. 569, cited throughout the reference already made to Am.Jur., but we shall here content ourselves with giving but a few extracts from

page 48 in the cited Am.Jur. supplement, which we quote without further ado:

" ' \* \* \* In other words, under the modern law, where the manufacturer is held not liable for negligence, he is excused from liability on doctrines of the law of torts; lack of foreseeability, want of actual negligence, or the fact that the injury was not proximately caused by his conduct, is the true basis of nonliability. The manufacturer is not excused under the modern law merely because there happened to be a lack of any privity of contract between him and the injured person; such an artificial and anachronistic basis for relief from tort liability can no longer, in the final analysis, be asserted.

" 'Under the modern doctrine there is little doubt that a person who has had no direct contractual relations with a manufacturer may nevertheless recover from such manufacturer for damages to property caused by the negligence of the manufacturer in the same manner that such a remote vendee *or other third person* can recover for personal injuries.' " (90 N.W.2d p. 880) (Emphasis supplied)

The defendant asserts that the Spence case, supra, was decided in 1958, which was after the date of the accident referred to in the complaint herein and which occurred on April 29, 1957. The defendant argues that at the time of the accident the Spence case was not the law of Michigan and does not apply retroactively to an accident occurring prior to the Spence decision.

An examination of the record in the Spence case, supra, reveals that the cause of action of which plaintiff complained in her declaration was based on a sale of cinder blocks in 1953, with the defects discovered in 1954, which was some three years before the date of the airplane accident on which the present claim is based.

The law of Michigan applicable to the case of the plaintiff in this court is the law declared in the Spence case. I know of no basis of discrimination pertinent here. The present law of Michigan appears to require no privity.

It must be noted that the question here involved is not the *nature* of liability; that is the province of the trial court. The sole question is whether the plaintiff is precluded from attempting to assert a claim against the manufacturer because of the absence of a direct contractual relationship or privity with such a defendant. As heretofore indicated, the gravamen of the claim asserted by the plaintiff and attacked by the defendant is basically tort—the violation of a duty to a person such as the plaintiff. This motion tests solely the right of the plaintiff to invoke such a claim.

Obviously, the trial court has the duty of determining the questions of proximate cause, the nature of the liability, the relationship of manufacturer and operator, the effect of maintenance and any other relevant factual issues.

It may be argued that the determination that privity is not required is a drastic innovation. The progressive decline of the older rule, based as it was on an infirm and fallacious foundation, is clearly evident. The fact that a manufacturer of an aircraft whose plant is located in Connecticut, for instance, may become involved because of a disaster happening in Michigan or in Texas, may have unfortunate aspects, but that is not determinative of the question at issue. This happens in respect to other obligations. The fact that modern life and developments, such as transportation, have taken on complex relationships is no anomaly. With such relationships go correspondingly complex responsibilities. If life is complex, so are the laws of human relationships, which are the results thereof.

The Spence case, supra, and the authorities cited therein recognize the fallacy of the rationale supporting the privity requirement and the liberal trend to abrogate the privity requirement.

See 35 New York University Law Review, Annual Survey of American Law: 1959, p. 323, where the author stated: "In the period covered by this survey, however, the tendency of the courts was to whittle away at the 'privity' requirement either by expanding the concept of privity to bring more people within its terms, or by overruling the doctrine in certain specific areas." See Hinton v. Republic Aviation Corporation, D.C.S.D. N.Y., 1959, 180 F.Supp. 31. See also Middlleton v. United Aircraft Corp., 1960, D.C.S.D.N.Y., 204 F.Supp. 856 (Death on the High Seas Act, Title 46 U.S.C.A. § 761 et seq.); Siegel v. Braniff Airways, Inc., 1960, D.C.S.D.N.Y., 204 F.Supp. 861 (law of Texas); Swift & Co. v. Wells, 201 Va. 213, 110 S.E.2d 203 (1959); Midwest Game Co. v. M. F. A. Milling Co., 320 S.W.2d 547 (Mo. 1959); Note, 44 Cornell L.Q. 608 (1958–59).

The argument against the requisite of privity may be summarized as follows:

1. The decisional approach which requires privity in breach of implied warranty actions is based upon fallacious reasoning.

2. While some courts have followed the earlier cases requiring privity, the fallacy of this approach has become apparent in many jurisdictions and the privity doctrine has been discarded in numerous cases involving food.

3. The requirement of privity in negligence causes of action has been discarded, particularly in cases where the product involved is "a thing of danger."

4. The same considerations which have prompted the demise of the privity requisite in negligence actions and in implied warranty actions involving food are present in this breach of warranty action involving an aircraft. The nature of this product is one which may well place life and limb in danger if it is defective.

5. There has been no logical or realistic reason advanced why privity should be retained in a breach of implied warranty case. The Spence case, supra, and the other cases cited herein indicate that the definite and persuasive trend is toward the abrogation of this anachronism.

Accordingly, the defendant's motion is denied.

So ordered.