Milton KATZ, Plaintiff-Appellee.

v.

SWIFT & COMPANY, Inc., Defendant-Appellant.

No. 246, Docket 25943.

United States Court of Appeals Second Circuit.

Argued March 30, 1960.

Decided April 5, 1960.

William P. Woods, New York City (William J. Condon, New York City, on the brief), for defendant-appellant.

Leon Hershbaum, New York City (Joan O'Dwyer and O'Dwyer & Bernstein, New York City, on the brief), for plaintiff-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and BARNES,* Circuit Judges.

PER CURIAM.

Swift & Company appeals from a judgment against it for $2,500 entered by the trial court sitting without a jury in a suit arising out of injuries suffered by Milton Katz, a butcher, who was struck in the eye by a rubber band which sprang off the shank of a lamb sold by Swift to the butcher shop where Katz was employed. The accident occurred on September 28, 1955 at the butcher shop in the Bronx, New York. Jurisdiction of the district court was based upon diversity of citizenship. Appellant claims that there was insufficient evidence to support the conclusion that it was negligent and that it was error to decide that plaintiff was not contributorily negligent. We affirm the judgment.

The evidence showed that subsequent to slaughter in defendant's meat packing plant lambs passed along a conveyor belt where the shanks were trussed up to the body of the lamb by means of a rubber band twisted around the shanks in a figure eight pattern. Each employee

* Sitting by designation.

performing this operation was required to bind six lambs per minute as they passed him on the belt, and a supervisory employee of defendant conceded in his testimony that he had noticed that sometimes the rubber bands were improperly applied. Nonetheless defendant made no inspections to be sure that the rubber bands were affixed in a correct manner. After the lambs were bound, they were placed in refrigeration, and thereafter delivered to customers, of whom plaintiff's firm was one. Shortly before the accident, plaintiff went into the refrigerator in the butcher shop, where a lamb, delivered by defendant a day earlier, hung from a hook, which was attached to a rail in the ceiling. As plaintiff grasped the lamb to pull it forward along the rail, the rubber band binding its shanks flew off and struck him in the eye. Plaintiff testified that he had observed that the rubber band was not twisted in the usual figure eight pattern but thought nothing of it at the time.

■■ The evidence was clearly adequate to support the trial court's findings that the accident resulted from the improper manner in which the rubber band was applied to the lamb and that defendant knew or should have known that if the rubber band were not securely attached it might slip off and cause injury. It was, of course, not necessary that defendant should have been able to anticipate the particular chain of events that would result in injury in order to be held liable. Poplar v. Bourjois, Inc., 1948, 298 N.Y. 62, 80 N.E.2d 334, 335. It was sufficient that it was foreseeable that injury might result if the rubber bands were improperly attached and no inspection was made to discover and correct the condition.

The evidence also supports the conclusion that plaintiff was not contributorily negligent. Plaintiff testified that he took hold of the lamb in a customary manner to draw it forward along the rail. There was no evidence to the contrary and defendant does not contend that plaintiff grasped the lamb in a negligent fashion. Rather defendant argues that if it should

have been aware of the propensity of rubber bands to spring loose when drawn tense and have foreseen the harm that might result from improper twisting of the rubber band, so should the plaintiff, who observed that the rubber band was not in the usual figure eight. But there was no showing and no suggestion how plaintiff could have acted in a more prudent manner than he did, even had he realized the danger. Moreover, it does not follow that because plaintiff noticed that the rubber band was not twisted in a figure eight, he should have realized that it was less secure than were it twisted in a figure eight and might fly off.

Affirmed.