ANTHONY TUFFARELLA, Plaintiff, v. ERIE RAILROAD COMPANY, Defendant, and Third-Party Plaintiff-Appellant. STAR CORRUGATED BOX COMPANY, Third-Party Defendant-Respondent.

Second Department, May 25, 1960.

526

*J. Roger Carroll* and *Richard E. Nolan* for appellant.

*Albert P. Thill* and *Clarence W. Williamson* for respondent.

UGHETTA, J. In an action to recover damages for personal injuries, the Erie Railroad Company appeals from an order dismissing a third-party complaint on the ground that it does not state facts sufficient to constitute a cause of action.

Plaintiff (not a party to this appeal) was a passenger in a motor vehicle owned and operated by Star Corrugated Box Company when that vehicle was struck by a railroad train, operated by the railroad company, at a grade crossing in the City of Newark, State of New Jersey. Plaintiff alleges that the accident and his injuries were caused solely by the negligence of the railroad company. The latter served a third-party complaint on the box company in which it was alleged that assuming its own negligence the accident was caused by the concurring negligence of the box company in operating its motor vehicle in a careless and negligent manner, that the box company was a joint tort-feasor and liable to the railroad company for

contribution to the extent of one half of the amount of any judgment recovered against it. The New Jersey Joint Tortfeasors Contribution Law (N. J. Stats., 2A:53A-1 through 2A:53A-5 [1952]) is set forth in the third-party complaint. Plaintiff is a resident, and both corporations are organized under the laws of the State of New York, so no problem of public policy as to disputes between nonresidents is involved.

In this State it has uniformly been held that a named defendant may not implead a third party whose negligence it is claimed was a concurrent cause of the accident and who accordingly may become liable for contribution as a joint tort-feasor under section 211-a of the Civil Practice Act. This is for the reason that section 211-a creates only a limited right of contribution among joint tort-feasors *in pari delicto, depending* on two conditions precedent: first, the recovery of a joint money judgment against two or more such persons, and, second, the discharge by one of the joint debtors of more than his prorata share of such judgment. Section 193-a in pertinent part provides: '' 1. After the service of his answer, a defendant may bring in a person not a party to the action, who is or may be liable to him for all or part of the plaintiff's claim against him, by serving as a third-party plaintiff upon such person a summons and copy of a verified complaint.''

In *Fox* v. *Western New York Motor Lines* (257 N. Y. 305) — the leading case on the subject which represents the present law of this State (see *Putvin* v. *Buffalo Elec. Co.*, 5 N Y 2d 447; *Sands* v. *Klein*, 8 A D 2d 836) — it was said (p. 308): '' The conditions stated in this section [§ 211-a] must exist before the right to contribution is given. The two or more defendants must be parties to the action at the suit of the plaintiff and a money judgment must have been recovered jointly against them. Under such circumstances the payment of the entire amount of the judgment by one of the judgment debtors gives him the right to collect the *pro rata* share from the other defendant or defendants.''

The New Jersey statute is quite different in substance and effect. Its provisions read:

'' 2A:53A-1. Joint tortfeasors; single tortfeasor

'' For the purpose of this act the term ' joint tortfeasors ' means two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them. A master and servant or principal and agent shall be considered a single tortfeasor.'' (L. 1952, ch. 335, p. 1075, § 1.)

"2A:53A-2. Right of contribution

"The right of contribution exists among joint tortfeasors." (L. 1952, ch. 335, p. 1075, § 2.)

"2A:53A-3. Judgment against joint tortfeasor; contribution

"Where injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors, and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damage against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share; but no person shall be entitled to recover contribution under this act from any person entitled to be indemnified by him in respect to the liability for which the contribution is sought." (L. 1952, ch. 335, p. 1075, § 3.)

"2A:53A-4. Application of act

"This act shall apply to all actions for contribution commenced, and to all judgments recovered, after the effective date hereof irrespective of the time of the commission of the wrongful act or acts by the joint tortfeasors; *provided,* that it shall not apply with respect to payments made prior to the effective date hereof." (L. 1952, ch. 335, p. 1075, § 4.)

"2A:53A-5. Short title

"This act shall be known and may be cited as the 'Joint Tortfeasors Contribution Law.'" (L. 1952, ch. 335, p. 1076, § 5.) This statute has generally been interpreted by the courts of New Jersey as creating a substantive right to contribution where none existed at common law, the remedy so created coming into being at the time of the joint wrongdoing when it is inchoate and, from its very nature, is not enforcible by an action for a money judgment unless and until judgment has been recovered against, and paid by, one or more of the joint tort-feasors. It may then be so enforced irrespective of whether or not the one from whom contribution is sought has had a judgment recovered against him or even was a party to the principal action. It was so held in *Sattelberger* v. *Telep* (14 N. J. 353), where it was said that the statutory obligation of contribution is not confined to the judgment defendants in the principal proceeding but by "explicit terms it is extended to all participants in the joint wrongdoing, whether there has been a judgment

against all or some of them" (p. 366). The court further pointed out (pp. 369–370) that while the third-party practice for enforcing the right to contribution is purely procedural it in no wise affects "the substantive law of contribution" and that since "third-party practice is procedural and not substantive in nature", it is within the rule-making function vested in the Supreme Court. The difference between the New Jersey statute and section 211-a of the Civil Practice Act was delineated (pp. 370–371):

"This procedure is in the main adequate for the impleader of a joint wrongdoer liable to contribution under the statute. Where, as here, the right of contribution has a statutory basis, the general third-party practice ordained by the rules provides the means of its enforcement in the primary action for the recovery of the damages ensuing from the joint tort. There can be no doubt that where the right of contribution exists among joint tortfeasors regardless of whether the injured plaintiff has sued all in the first instance, the defendant may bring in other joint tortfeasors for the purpose of enforcing contribution. Compare *Fox* v. *Western New York Motor Lines,* 257 N. Y. 305, 178 N. E. 289 (*Ct. App.* 1931), 78 A. L. R. 578, where third-party practice not unlike ours was held inapplicable in view of the limitation of the statutory right of contribution to the judgment defendants. There was no liability to contribution until judgment, and then only as to the judgment debtors, and the third-party practice was not invocable since by its terms the party brought in must then be liable to the defendant in the action. Where the common-law rule denying contribution between joint tort-feasors prevails, a defendant in an action in tort for negligence does not for that very reason have the right to bring in as a co-defendant a joint tort-feasor not made a party by the plaintiff, unless there be some other ground for a recovery against the third party. *Vide Booth* v. *Manchester Street R. Co.,* 73 N. H. 527, 63 A. 577 (*Sup. Ct.* 1906).

"[22] Here, as said, the common tortious conduct gives rise to an immediate inchoate right of contribution which accrues as an enforceable cause of action the moment payment is made by one of the tortfeasors of a judgment for the ensuing injury recovered against him, and contribution may be had from joint wrongdoers not parties to the judgment. This significant difference between the New York statute considered in the case cited *supra* and ours determines the application of the third-party practice. The fact that contribution depends upon judgment and payment by the original defendant is not a bar

to impleader; the impleader judgment may be so fashioned as to condition enforcement of contribution on the payment made a prerequisite by the statute.''

The right to implead was not directly involved in the case just cited, despite the explicit language quoted. However, it is well established in New Jersey that rights under the statute may be enforced by impleader on motion of a defendant. This is accomplished under a rule of court which provides, so far as here material:

'' 4:14-1. Third Party Brought in by Defendant

'' A defendant may move, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.'' This is strikingly similar to the first sentence of section 193-a of the Civil Practice Act, already quoted. The principal difference is that in New Jersey leave of court must first be obtained, while in New York the third-party complaint is served, subject to a motion to dismiss, as provided in subdivision 4 of section 193-a.

The right of a named defendant to implead a third party who it is claimed is or may be liable for contribution was first upheld in New Jersey in *Douglas* v. *Sheridan* (26 N. J. Super. 544), where the court, after quoting the New Jersey Joint Tortfeasors Contribution Law, said (p. 547):

'' *Rule* 3:14-1 provides:

''' A defendant may move, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action *who is or may be* liable to him for all or part of the plaintiff's claim against him.' (Italics supplied.)

'' Since ' may be ' is equivalent to ' possibly ' or ' probably ' as distinguished from ' certainty ' (Webster's New International Dictionary (2d ed. 1949), 1517), it would appear that the defendants are only required to show that there is a probability or possibility of liability to them from the third party in order to join the alleged joint tortfeasors as third-party defendants.''

The court observed (pp. 548–549) that:

'' In jurisdictions where a joint judgment is not a requisite to contribution, it is uniformly held that a joint tortfeasor may be joined as a third-party defendant under procedural provisions similar to our *Rule* 3:14-1. *Knell* v. *Feltman, supra*; *Wait* v. *Pierce*, 191 *Wis.* 202, 209 *N. W.* 475, 48 *A. L. R.* 276 (*Sup. Ct.*

1926), rehearing, 210 *N. W.* 822 (*Sup. Ct.* 1925); *Gustafson* v. *Johnson*, 235 *Minn.* 358, 51 *N. W.* 2d 108 (*Sup. Ct.* 1952); *Fisher* v. *Diehl*, 156 *Pa. Super.* 476, 40 *A.* 2d 912 (*Sup. Ct.* 1945); *Gray* v. *Hartford Accident Indemnity Corp.*, 31 *F. Supp.* 299 (*D. C. La.* 1940); *Pucheu* v. *National Surety Corp.*, 87 *F. Supp.* 558 (*D. C. La.* 1949). But see *Linkenhoger* v. *Owens*, 181 *F.* 2d 97 (5 *Cir.*, 1950). * * *

" Since the alleged joint tortfeasors may eventually be liable to the defendants for part of any sum for which the defendants are adjudged liable to the plaintiffs, both the letter and the spirit of *Rule* 3:14-1 require that the defendants be permitted to join them as third-party defendants. See 3 *Moore's Federal Practice* (2d ed. 1948), 430; 6 *Cyclopedia of Federal Procedure* (3d ed. 1951), 78. In the *Commentary, Impleader of Joint Tortfeasor*, 4 F. R. S. 900, 901 (1941), it is stated:

" ' Where the applicable state law permits contribution between joint tortfeasors regardless of whether plaintiff chooses to join them there should be no bar to impleader; and it has been so held. The fact that the liability of the other tortfeasors for contribution may not arise until the original defendant has paid the judgment, does not prevent their being brought in under the " is or may be " clause of Rule 14a. * * *.'

" See also *Note*, 47 *Harv. L. Rev.* 209, 228 (1933); 13 *Am. Jur., Contribution*, sec. 73; *Note*, 11 *A. L. R.* 2d 228, 237 (1950)." It was similarly held in *Bray* v. *Gross* (16 N. J. 382) and *Cooper* v. *Philadelphia Dairy Prods. Co.* (34 N. J. Super. 301).

Since the statutory right to contribution is regarded in New Jersey as being a substantive right and since it may there be enforced under their procedural rule of court, we apprehend that we should permit its enforcement here under our substantially similar procedural provision (Civ. Prac. Act, § 193-a, subd. 1). The accident happened in New Jersey, and, save for matters of purely procedural nature, the law of that State is applicable unless it can be shown that it offends in some way our public policy (*Poplar* v. *Bourjois, Inc.*, 298 N. Y. 62). " We are not so provincial as to say that every solution of a problem is wrong because we deal with it otherwise at home " (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99, 111).

Doubtless there is an element of discretion involved as to whether or not such impleader will be permitted, based primarily on whether or not it will further justice or convenience (Civ. Prac. Act, § 193-a, subd. 4; see Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 199–202). That question, however, is not here present as the third-party complaint was dismissed

solely as a matter of law on the ground that no right to impleader of an alleged joint tort-feasor exists in this State regardless of the law of the situs of the wrong.

The order should be reversed, with $10 costs and disbursements, and the motion should be denied.

BELDOCK, Acting P. J., CHRIST, PETTE and BRENNAN, JJ., concur.

Order reversed, with $10 costs and disbursements, and motion denied.