Melissa Anne **WENDELL**, an *infant* under the age of 14, by **Charles W. Wendell**, her guardian ad litem, and **Charles W. Wendell**, Plaintiffs,

v.

**HOLLAND–AMERICA LINE**, Defendant.

United States District Court
S. D. New York.
Aug. 8, 1961.

Edwin M. Bourke, New York City, for plaintiffs.

Burlingham, Hupper & Kennedy, New York City, for defendant. William M. Kimball, New York City, of counsel.

PALMIERI, District Judge.

Plaintiff, Charles W. Wendell instituted an action on April 9, 1959, as guardian ad litem for Melissa Anne Wendell, an infant, seeking to recover damages for injuries allegedly sustained by Melissa Anne Wendell on May 26, 1957, when she fell from a bunk while a passenger on defendant's Dutch flag vessel NIEUW AMSTERDAM, then on the high seas. In his own right plaintiff seeks to recover for loss of services and medical expenses. Defendant served an answer on May 5, 1959, and extensive discovery proceedings followed.

Defendant now moves for leave to amend its answer to plead a counterclaim against the plaintiff, Charles W. Wendell, and for leave to serve and file a third party complaint against the infant's mother, Frana S. Wendell. Opposing the motion, plaintiff contends that defendant has waived the counterclaim by failing to assert it in his responsive pleading, see Fed.R.Civ.P. 12(b), (h), 13(a), 28 U.S.C.A., and that both the counterclaim and the proposed impleader are barred by section 211–a of the New York Civil Practice Act which provides for contribution among joint tort feasors only after a joint judgment has been recovered and one joint tort feasor has paid more than his pro rata share of the judgment.

■■  In contending that the mandatory character of rule 13(a) precludes the court from granting the defendant permission to amend his answer, plaintiff misconceives the effect of that rule. The purpose of the Rules of Civil Procedure governing counterclaims is to avoid multiplicity of suits, not to deprive litigants of their rights. See Fed.R.Civ.P. 15(a) (Leave to amend "shall be freely given when justice so requires"). Assuming that plaintiff is correct in his assertion that defendant's counterclaim is compulsory, rule 13(a) would bar an independent action by defendant after judgment had been entered, Pennsylvania R. R. v. Musante-Phillips, 42 F.Supp. 340 (N.D. Cal.1941), but it does not deprive the

court of discretion to permit amendment of the answer prior to trial. Plaintiff cites no case to support his position and it is opposed to sound reason. Contrary to plaintiff's contentions, the compulsory nature of a counterclaim should furnish an additional reason for permitting defendant to file an amended answering plea, for a denial of leave to amend would permanently preclude defendant from asserting his claim.

Plaintiff's assertion that section 211–a of the New York Civil Practice Act bars the counterclaim and the impleader is likewise unsound. That section has no application where the tort occurred outside of New York and New York law is not the substantive law governing the action. See Tuffarella v. Erie R. R., 10 A.D.2d 525, 203 N.Y.S. 2d 468 (1960). (New York court permitted impleader of joint tort feasors in a tort action governed by New Jersey law). Since the tort is alleged to have occurred aboard a Dutch vessel on the high seas, the action is governed by federal maritime law, including the Federal conflict of laws rules, and not by New York law. Siegelman v. Cunard White Star, 221 F.2d 189 (2d Cir., 1955); Jansson v. Swedish-American Line, 185 F.2d 212, 30 A.L.R.2d 1385 (1st Cir., 1950). Under the general maritime rule that the law of the flag governs, see Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), United States v. Flores, 289 U.S. 137, 53 S.Ct. 580, 77 L.Ed. 1086 (1933) the present action would be determined by Dutch law. Since it is defendant's contention that Dutch law provides for contribution or indemnification by joint tort feasors, the impleader and the counterclaim are proper. Should it appear at the trial that Dutch law does not provide for contribution or indemnification by joint tort feasors, the counterclaim and third party complaint may then be dismissed.

Although the question has not been raised and need not be decided on this motion, it may be noted that this being a maritime action, the doctrine of Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), particularly as elaborated in Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), does not apply, and it will therefore be unnecessary to consider whether the counterclaim or third party action would be barred by the New York statute of limitations. Levinson v. Deupree, 345 U.S. 648, 73 S.Ct. 914, 97 L.Ed. 1319 (1953). See also Jansson v. Swedish-American Line, supra.

The motion for leave to amend the answer to plead a counterclaim and for leave to serve and file a third party complaint is granted.

So ordered.