G. LEROY LONG et al., as Executors of CLYDE W. LONG, Deceased, et al., Respondents, v. PAN AMERICAN WORLD AIRWAYS, INC., Appellant, et al., Defendant.

First Department, June 22, 1965.

*William J. Junkerman* of counsel (*Douglas B. Bowring* and *Carroll E. Dubuc* with him on the brief; *Haight, Gardner, Poor & Havens,* attorneys), for appellant.

*Lee S. Kreindler* of counsel (*Milton G. Sincoff* and *Andrew P. O'Rourke* with him on the brief; *Kreindler & Kreindler,* attorneys), for respondents.

STEUER, J. The executors of Clyde Long and the administrators of Ernest L. Grieco have joined as plaintiffs in an action for wrongful death of these persons. As far as this motion is concerned, there is no distinction between the two sets of plaintiffs and they will be discussed as one. On December 8, 1963, the deceased were passengers on an airplane owned and operated by defendant-appellant. The plane is alleged to have disintegrated in flight while in the air near the border of the States of Maryland and Delaware. It fell in Maryland. The flight was a round trip from Philadelphia to San Juan, Puerto Rico, and return. Tickets were purchased in Philadelphia and all of the deceased were Pennsylvania residents. The accident occurred on the return trip. Defendant has its main office in New York.

Defendant has moved to dismiss the complaint upon the grounds that the plaintiffs do not have legal capacity to sue, that the complaint does not state a cause of action, and on the ground that necessary parties are not before the court. The primary contention of defendant is that the accident having happened in Maryland, any right of recovery is governed by the law of that State. By Maryland law an action for wrongful death can only be brought for the benefit of the wife, husband, parent or child of the deceased, or, in the event that the deceased is survived by no such relative, for the benefit of any person who was wholly dependent on him (Ann. Code of Maryland, art. 67, § 4.) None of the deceased here was survived by any such relative, nor had any deceased a person who was wholly dependent on him.

This contention, which is advanced in support of the claim that no cause of action is stated, depends for its validity on the theory that the law of Maryland applies. At the outset it should be noted that though the complaint leaves the situs of the accident uncertain as between Maryland and Delaware, neither party on the argument or brief makes any claim that Delaware law applies. Plaintiffs contend that Pennsylvania law should be applied by this court, and they do not claim to be in any more favorable position by virtue of Delaware law.

Any discussion of the question must necessarily start with the proposition that the traditional common-law view was that

the law of the place where the tort occurred determined the substantive rights of the parties (*Poplar* v. *Bourjois, Inc.*, 298 N. Y. 62). That this is not a complete statement of the situation today is indisputable (*Babcock* v. *Jackson,* 12 N Y 2d 473). It is contended by plaintiffs that the so-called '' grouping of contacts '' or '' center of gravity rule '' entirely supersedes the traditional rule and that the latter is no longer in any respect viable. We believe that this contention represents counsel's hope rather than the law as found, and runs counter to what has been specifically decided.

The actual decision in *Babcock* is that a restrictive statute of a foreign jurisdiction would not be applied to defeat a claim made by a New York resident against another New York resident where the site of the accident was incidental to the enterprise in which the parties were engaged. In the determination of whether the particular conduct constitutes negligence, Judge FULD in *Babcock* said (p. 483): '' In such a case, it is appropriate to look to the law of the place of the tort so as to give effect to that jurisdiction's interest in regulating conduct within its borders, and it would be almost unthinkable to seek the applicable rule in the law of some other place.''

This quotation aptly explains the grouping of contacts rule as applied to torts. Those facets of the right to recover which have contact with the situs of the tort are governed by the law of that place, and those which have contacts with other jurisdictions are governed by the law of those other jurisdictions. We come now to the application of the rule to actions for wrongful death. It is hornbook learning that such actions are purely statutory and such statutes have no extraterritorial effect. If there is no cause of action for wrongful death in the place of the accident, there is no cause of action anywhere (*Whitford* v. *Panama R. R. Co.,* 23 N. Y. 465). And only those persons who are given a cause of action by statute of the place of the accident may sue (*Baldwin* v. *Powell,* 294 N. Y. 130).

As an exercise of deductive logic it might be argued that the grouping of contacts theory could be made to supersede these rules. The State of residence of the deceased has the greatest interest in the determination of the persons who can maintain an action for his death. So that if a choice is by any means permissible, the law of that State could be argued to govern. But a choice is not permissible. No interest in the State where the deceased resided can operate to give a cause of action to anyone when the statutes of that same State give him none and he is entirely dependent on the laws of another State which likewise give him none. To illustrate the above: No statute or pro-

vision of common law of Pennsylvania gives the plaintiffs the right to sue for a death caused by an accident in Maryland; and no Maryland statute gives these plaintiffs a right to sue.

Nothing in the decision of *Kilberg* v. *Northeast Airlines* (9 N Y 2d 34) or in the language of the opinion casts any doubt on these propositions. There the plaintiff sued as administrator of a New York resident for a death occasioned by an airplane accident in Massachusetts. The court refused to apply so much of the Massachusetts statute as limited the amount of the recovery. The refusal to give effect to the limitation was based on the grounds that New York has a strong, long-standing policy against limitations on recovery in actions for wrongful death; that this policy should protect our own residents, if any way can be found for so doing; and that, as the question of the amount of damages is remedial and sometimes held to be procedural, it could therefore be decided according to the law of the forum.

Obviously, the method of arriving at the conclusion reached in *Kilberg* is not available here, nor are the reasons of public policy which induced adoption of that method present. It is plaintiffs' contention that *Babcock* and *Kilberg* initiate rules of law which transcend the actual decisions and, while not actually so deciding, are indicia of what the law really is. They admit that under their concept an accident victim can, unless hampered by the rule of forum non conveniens, shop around for the jurisdiction having the most favorable conflict rules, proceed there, and obtain whatever benefits that jurisdiction through its conflict rules accords its own residents; and that it is only the fortuitous circumstance that the defendant has its main office here that prevents the rule of forum non conveniens from having application. In other words, one fortuitous circumstance, the place of the accident, has no application, but another, the situs of the main office of the defendant, permits of a cause of action. There is no claim that defendant is not amenable to service in Pennsylvania or Maryland. In fact, plaintiffs have already started suit against defendant in the United States District Court in Pennsylvania on this claim. This was to prevent their being barred by limitations in the event this action could not be maintained.

The order should be reversed on the law and the motion dismissing the complaint granted, with costs.

RABIN, J. (dissenting). I dissent and vote to affirm the order denying the defendant's motion to dismiss the complaint. I conclude that the law of Pennsylvania must control the determina-

tion of the issue as to whether these plaintiffs have a cause of action. Applying the rule enunciated in *Babcock* v. *Jackson* (12 N Y 2d 473) we look to see which State has the most significant contacts with respect to that issue. We find that Pennsylvania is such State because that is where the decedents resided, where the tickets were purchased, where the round-trip flight originated and was to terminate and the place where the plaintiffs reside. The law of Pennsylvania is thus applicable and since such law affords a cause of action to these plaintiffs, the complaint must be deemed sufficient and the motion to dismiss should be denied.[1]

The majority of this court appears to adopt a most restrictive view of the *Babcock* decision and holds that the rule of law therein enunciated is to be limited to those situations where a claim is made by a New York resident against another New York resident.[2] I cannot subscribe to so narrow an interpretation of that decision. I see no indication that the Court of Appeals intended to make residence in New York a threshold requirement for the application of the " grouping of contacts " doctrine. It is apparent that the same considerations which led to the decision in *Auten* v. *Auten* (308 N. Y. 155), a contract action, led to the result reached in the *Babcock* case, a tort action. " Justice, fairness and ' the best practical result ' (*Swift & Co.* v. *Bankers Trust Co.*, 280 N. Y. 135, 141, *supra*) may best be achieved by giving controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation." (*Babcock* v. *Jackson, supra,* p. 481.)

Residence of the parties was a factor considered in the *Auten* case, but only for the purpose of reaching a determination as to which jurisdiction had the most significant contacts with the transaction. It was not considered for the purpose of determining whether the " grouping of contacts " rule could be invoked. It is clear that it was not required that the parties be residents of New York before that rule could be applied. Nor was it even a requirement that the plaintiff be a New York resident. In fact, the plaintiff in that case was a resident and subject of Great Britain.

Why then should the application of this " grouping of contacts " rule be more restricted in cases involving actions in tort?

1. If this action had been commenced in Pennsylvania it would appear that the law of that State would apply with respect to the issue with which we are here concerned. (See *Griffith* v. *United Air Lines,* 416 Pa. 1.)

2. It might very well be that the majority would hold the *Babcock* rule to be applicable even if only the plaintiff were a New York resident.

It should matter not whether the parties are New York residents provided, of course, there is a basis for this State to entertain jurisdiction. To be sure, the residence of the parties is a factor to be considered in determining which jurisdiction has the predominant " concern with the specific issue raised." However, it is merely one of the factors and not a basic requirement for the application of the *Babcock* rule.

To adopt the rule of the majority would mean that the courts of New York would apply one rule of law for residents and another for nonresidents in cases identical except for the geographical difference in the place of dwelling of the parties. Let us assume that both parties in this case were New York residents, that the air tickets were purchased in Pennsylvania, the flight originated and terminated in Pennsylvania and all other relationships arose in Pennsylvania. In such a case it seems that the majority of this court would invoke the *Babcock* doctrine and hold Pennsylvania law to be applicable. If, however, the plaintiffs were not residents of New York but rather, as here, residents of Pennsylvania, and all the other factors the same, the majority of this court would and does hold that Pennsylvania law is inapplicable. Thus we reach the anomalous result that a New York resident would get the benefit of the law of Pennsylvania, while a Pennsylvania resident would not be able to invoke the law of his own State.

Of course, Pennsylvania law does not necessarily govern all issues in this case. Questions such as negligence might well be determined by the law of the place of the accident. " Where the issue involves standards of conduct, it is more than likely that it is the law of the place of the tort which will be controlling " but all issues must be determined by " the law of the jurisdiction which has the strongest interest in the resolution of the particular issue presented " (*Babcock* v. *Jackson, supra,* p. 484).

In summary, I believe that in the *Babcock* case the Court of Appeals has laid down a broad rule which should not be restricted to situations where only New York residents are involved. To do so would appear to be contra to the spirit of that decision and the result it sought to effect.

McNALLY and STEVENS, JJ., concur with STEUER, J.; RABIN, J., dissents in opinion in which BOTEIN, P. J., concurs.

Order entered on December 15, 1964 reversed on the law, with $30 costs and disbursements to the appellant, and the motion to dismiss the complaint granted, with $10 costs.