Lillian RYER and Alfred Ryer, Plaintiffs,
v.
HARRISBURG KOHL BROTHERS, INC., Landau Auto Leasing, Inc., and Harold F. Mohn, Defendants,
and
Potomac Insurance Company, Intervenor.

Lillian RYER and Alfred Ryer, Plaintiffs,
v.
HARRISBURG KOHL BROTHERS, INC., Landau Auto Leasing, Inc., and Harold F. Mohn, Defendants.
Civ. Nos. 69–281, 69–418.

United States District Court,
M. D. Pennsylvania.
July 13, 1970.

Bert W. Subin, New York City, for plaintiffs.

John C. Dowling, Dowling & Dowling, Harrisburg, Pa., for Harrisburg Kohl Bros., Inc., Harold F. Mohn, defendants and Potomac Ins. Co., Intervenor.

James K. Thomas, Metzger, Hafer, Keefer, Thomas & Wood, Harrisburg, Pa., for Landau Auto Leasing, Inc., defendant.

## MEMORANDUM

HERMAN, District Judge.

This action has arisen as a result of an automobile collision which occurred in Lancaster County, Pennsylvania, on August 11, 1967, in which the plaintiffs Lillian and Alfred Ryer were occupants in one of the vehicles (driver and passenger, respectively), and the defendant Harold F. Mohn was the driver of the other vehicle. Defendant Mohn is employed by defendant Harrisburg Kohl Brothers, Inc., which leased the vehicle involved herein from Landau Auto Leasing, Inc.[1]

Suit was commenced by the plaintiffs on or about August 12, 1968 in the Supreme Court of the State of New York, County of Bronx, Defendants Harrisburg Kohl Brothers, Inc., Landau Auto Leasing, Inc., and Harold F. Mohn are Pennsylvania citizens, not doing business in the State of New York. Jurisdiction was obtained pursuant to an attachment proceeding of the insureds' (Harrisburg Kohl Brothers, Inc., and Harold F. Mohn) automobile liability insurance policy issued issued by Potomac Insurance Company, intervenor herein, which company is licensed to do business in the State of New York. N.Y. CPLR Section 5201.

Thereafter, the defendants, appearing specially, petitioned the United States District Court for the Southern District of New York for removal, pursuant to 28 U.S.C. Section 1441. Defendants (except Landau which had no interest in the insurance policy) having petitioned for removal then sought an order to vacate the attachment of the insurance policy and a dismissal of the complaint, and the plaintiffs moved for a remand to the State Supreme Court. The District Court for the Southern District of New York denied plaintiffs' motion to remand, and also denied defendants' motions to vacate the order of attachment and to dismiss the complaint.

An immediate appeal was granted of the interlocutory order, pursuant to 28 U.S.C. Section 1292, wherein defendants again contested the validity of the attachment proceeding. Upon notice of appeal to the Second Circuit plaintiffs, apparently because of the proximity of the expiration of the Pennsylvania Statute of Limitations which is two years in a tort action (12 P.S. Section 31), filed a pro se action in the District Court for the Middle District of Pennsylvania on July 15, 1969, as a protective suit in the event the Second Circuit would vacate the attachment.

The Second Circuit refused to entertain an appeal of the District Court's decision upholding the validity of the attachment procedure for the reason that that court had decided the exact issue in Minichiello v. Rosenberg, 410 F.2d 106 (2d Cir. 1968).

Subsequently, the defendants filed a motion, pursuant to 28 U.S.C. Section 1404(a), seeking a transference of the within matter to the United States District Court for the Middle District of Pennsylvania, and the District Court for the Southern District of New York granted defendants' motion. See: Ryer v. Harrisburg Kohl Brothers, Inc., 307 F. Supp. 276 (S.D.N.Y.1969).

Before the court at this time are two motions: A motion by defendants and the intervenor to dismiss the complaint,

[1]. Landau Auto Leasing, Inc., has been dismissed from the case by stipulation of plaintiffs and attorneys for the defendants dated Nov. 10, 1969.

and a motion by plaintiffs to dismiss the affirmative defenses and counterclaim contained in the defendants' answer. Simultaneously, plaintiffs have, in addition to the above motion, petitioned the court to voluntarily dismiss their pro se action filed in the Middle District, to which defendants object. (Ryer v. Harrisburg Kohl Brothers, Inc., No. 69–281 Civil)

■ The court will initially address its attention to defendants' motion to dismiss.

Defendants contend "that in the interest of justice, to avoid a possible multiplicity of actions and to most expeditiously litigate the issues, the action commenced in this district (the pro se action) should be continued and the transferred action dismissed."

■ The multiplicity claim is founded on the defendants' well-reasoned premise that since the New York action is a quasi *in rem* proceeding, the recovery is limited to the extent of the policy limitations of the attached res, subject to the jurisdiction of the court, Freeman v. Alderson, 119 U.S. 185, 7 S.Ct. 165, 30 L. Ed. 372 (1886), so long as the defendants do not submit to in-persona jurisdiction. If, assuming a verdict and judgment would be rendered in plaintiffs' favor and that judgment exceeds the monetary limitations of the res (the subject of the *in rem* proceeding), a *de novo* action would be required in order to recover any excess. The plaintiffs would be precluded from execution on the unsatisfied judgment derived from an *in rem* proceeding since the defendants would not have been personally subject to the jurisdiction of the court. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877). The extent of the *in rem* jurisdiction of the court is limited to a determination of the respective interests in the res which is the subject matter of the litigation, and in a quasi *in rem* proceeding the underlying theory upon which the claimant asserts his interests.

Necessarily, plaintiffs must re-litigate the issues in a jurisdiction wherein they might obtain personal jurisdiction over the defendants regardless of whether or not the latter court would afford comity to the prior court's determination on the factual merits. At this juncture defendants' premises falter. Any averred potential suits seeking recovery on a judgment in excess of the quasi *in rem* res are, or would be, barred by the Pennsylvania two-year Statute of Limitations.

Although the plaintiffs have offered a stipulation to limit recovery to the attached insurance policy, the plaintiffs on their own motion have voluntarily precluded themselves from seeking any additional recovery arising from the "automobile collision" by moving for a voluntary dismissal of their pro se action filed in the Middle District, which the court has this day granted.

Defendants further contend that in the interest of justice and to most expeditiously litigate the issues, the transferred action should be dismissed because of the complex conflicts of law questions which may arise and that by permitting the transferred action to continue the court would be effectuating a remedy which is repugnant to the policy of Pennsylvania and not afforded to its own citizens. The underlying motivations upon which defendants' motion is based are that under New York law, if New York law is applicable in the transferred action, defendants are prohibited from impleading a joint tortfeasor (in this case the husband-driver Alfred Ryer), Brown v. Cranston, 132 F.2d 631 (2d Cir. 1942), and are permitted to bring into the case the fact that defendants are insured contrary to Pennsylvania's policy against disclosure to a jury of a defendant's insurance coverage. Kiernan v. Van Schaik, 347 F.2d 775 (3d Cir. 1965).

Though defendants' argument is appealing, the rationale of Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) is compelling and the court must deny defendants' motion. In *Van Dusen* the Supreme Court considered the application of 28 U.S.C. Section 1404(a) and its effect upon a transferred

action. Succinctly, the case involved numerous actions arising from an airplane crash in which various claims were filed in several district courts. The plaintiffs who had proceeded in the Pennsylvania district court were all personal representatives of the victims of the crash. Defendants moved for a transference to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. Section 1404(a), and the district court granted the motion for transfer on the basis of convenience to the parties "regardless of whether the transferred action would be governed by the choice of law rule of either state." Popkin v. Eastern Airlines, Inc., 204 F. Supp. 426 (E.D.Pa.1962). The plaintiffs then filed a writ of mandamus seeking a vacation and setting aside of the order of the district court transferring the action. The circuit court vacated the district court's order, Barrack v. Van Dusen, 309 F.2d 953 (3d Cir. 1962), and certiorari was granted by the Supreme Court to consider the construction and operation of Section 1404(a).

The Supreme Court considered, in addition to the interpretation of the tests or standards utilized in determining whether or not the transfer was justified, the question whether the effect of a venue change pursuant to Section 1404(a) would affect the applicable state law. Under the Massachusetts Death Act recovery is limited to the sum of $20,000 relative to the degree of culpability of the tortfeasor; whereas, under Pennsylvania law Wrongful Death actions are based on the principle of compensation for losses with no monetary limitation.

Plaintiffs argued that a transfer under Section 1404(a) might work a severe prejudice upon them if the transferee forum state applying its own choice of law rule would impose the more restrictive Massachusetts rule. The plaintiffs drew the analogy that if the transferee forum employed a shorter statute of limitations a transference might be tantamount to a dismissal under certain circumstances.

Defendants countered that plaintiffs were enabled to forum shop in order to find the most advantageous state laws. The Supreme Court regretfully agreed that forum shopping inherently is a part of our judicial system, but at the same time said there is nothing in the language or policy of Section 1404(a) to justify its usage by defendants to defeat plaintiffs substantive rights where plaintiffs have chosen a forum with proper jurisdiction even though inconvenient. Nothing in 28 U.S.C.A. justified the defendant "getting a bonus" for a change of venue. Therefore, the Supreme Court held that the law of the orginal transferor forum, including its conflicts rule, is applicable.

Implementing the policy of the *Van Dusen* decision to the matter before the court, it appears that the defendants sought removal from the State court, then sought a vacation of the attachment procedure; upon denial, the defendants then sought a transference of the action to the Middle District. And now the action, having been transferred, the defendants seek to dismiss the transferred action and proceed with a protective suit filed pro se by the plaintiffs. The "bonus" denied the defendants in *Van Dusen* should not inure to the benefit of the defendants by reason of plaintiffs' diligence in filing a protective suit in the Middle District, nor should that policy enunciated by the *Van Dusen* decision be circumvented by such a device.

The court having denied defendants' motion to dismiss the transferred action herein, will now consider plaintiffs' motion to dismiss the affirmative defenses and counterclaim.

Plaintiffs' complaint sets forth three causes of action. The first cause of action is filed on behalf of the plaintiff Lillian Ryer seeking compensatory damages for injuries alleged to have been suffered due to the negligence of the defendants. The second cause of action reiterates the allegations contained in the first cause, and seeks exemplary damages arising from wanton and gross negligence of the defendants. The third

cause of action again reiterates the allegations set forth in the first cause, and is filed on behalf of the plaintiff Alfred Ryer for loss of services and medical expenses incurred by plaintiff Lillian Ryer's suffering.

Defendants essentially denied the crucial averments of plaintiffs' complaint and set forth the following affirmative defenses and counterclaim:

"AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO THE COMPLAINT

"IX.   The Court lacks jurisdiction over the person of the said defendants and the intervenor.

"AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO THE COMPLAINT

"X.   The Court lacks in rem jurisdiction over the said defendants and the intervenor.

"AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO THE SECOND CAUSE OF ACTION

"XI.   The second cause of action fails as a matter of law to state a separate cause of action upon which relief can be granted.

"PARTIAL AFFIRMATIVE DEFENSE TO THE FIRST CAUSE OF ACTION AND A SECOND AFFIRMATIVE DEFENSE TO THE SECOND CAUSE OF ACTION

"XII.   The jurisdiction of the Court is in rem and is limited by the terms and provisions of a certain automobile liability policy, No. GLA 3652027 (the 'policy'), issued by the intervenor, Potomac Insurance Company, to the defendant Harrisburg Kohl.

"XIII.   Under the terms of said policy, the Potomac Insurance Company is only required to pay such compensatory damages as the plaintiff may recover against the said defendants up to the monetary limits stated in said policy.

"AS AND FOR A SECOND PARTIAL AFFIRMATIVE DEFENSE TO THE FIRST CAUSE OF ACTION, AND A THIRD AFFIRMATIVE DEFENSE TO THE SECOND CAUSE OF ACTION

"XIV.   Repeats and realleges each and every allegation contained in paragraphs XII and XIII, above, with the same force and effect as though specifically repeated and set forth herein at length.

"XV.   Under the terms of the said policy, the Potomac Insurance Company is not required to pay punitive or exemplary damages, and the Court lacks jurisdiction of that portion of the complaint which purports to allege or claim such punitive or exemplary damages, or any damages other than compensatory damages, as aforesaid.

"AS AND FOR A COUNTERCLAIM ON BEHALF OF THE INTERVENOR POTOMAC INSURANCE COMPANY

"XVI.   The Potomac Insurance Company (hereinafter 'Potomac') is a corporation organized and existing under the laws of the State of Pennsylvania, and duly authorized to issue automobile liability policies in the State of Pennsylvania.

"XVII.   Heretofore Potomac issued a certain automobile liability policy, No. GLA 3652027 (the 'policy') to the defendant Harrisburg Kohl, wherein and whereby it agreed to defend the said defendant against any action which might be brought against it arising out of the operation of the covered motor vehicle, and to pay any judgment which might be obtained against it up to the monetary limits of the policy.

"XVIII.   Under the terms of the policy and the New York law gov-

erning the attachment of automobile liability policies, Potomac is entitled to invoke the same defenses to this action as are the insureds under the policy, to wit: the defendants Harrisburg Kohl and Harold F. Mohn.

"XIX. Under the provisions of the laws of Pennsylvania one joint tort-feasor is entitled to implead a second joint tort-feasor so as to obtain contribution from him in the event they are both thereafter held to have been jointly liable for the plaintiff's injuries."

With respect to the first affirmative defense and the second affirmative defense, the plaintiffs claim the same should be dismissed on grounds of irrelevancy and as being already decided by the court.

Jurisdiction was effectuated in the New York action pursuant to New York CPLR Sections 5201, 6201 and 6202 by attachment of defendants' liability insurer's contractual obligation as approved in Seider v. Roth, 17 N.Y.2d 111, 269 N.Y. S.2d 99, 216 N.E.2d 312 (1966) (hereinafter referred to as the *Seider* attachment). Insurer's obligation consists of his contractual duty to defend and indemnify a suit if commenced and if damages are awarded against the insured.

Normally, as expressed in Harris v. Balk, 198 U.S. 215, 25 S.Ct. 625, 49 L. Ed. 1023 (1905), if a state law provides for the garnishment or attachment of a res, and if the garishee is found within the jurisdiction, the court then acquires jurisdiction over the person of the garnishee so long as the original creditor could have instituted an action against him in that state. Additionally, in-persona jurisdiction is acquired over a defendant, the principal debtor, in the *in rem* proceeding if he proceeds to defend on the merits of his claim (N.Y. CPLR Section 320). Inherent in the application of the standards determinative of whether in-persona jurisdiction has been obtained in a *Seider* attachment, are serious questions which arise regarding a denial of due process to the insured if he proceeds to defend on the merits, Podolsky v. Devinney, 281 F.Supp. 488 (S.D.N.Y. 1968), and to the insurer, Varady v. Margolis, 303 F.Supp. 23 (S.D.N.Y.1968).

The Court of Appeals of New York, upon reconsideration of the *Seider* attachment and the jurisdictional questions involved therein, abrogated the effect of New York CPLR Section 320 as it applies to attachments by limiting the recovery to the extent of the proceeds of the policy "even though he [the defendant] proceeds with the defense on the merits." Simpson v. Loehmann, 21 N. Y.2d 990, 290 N.Y.S.2d 914, 238 N.E.2d 319 (1968). In consequence in-persona jurisdiction is not obtainable over a defendant in a *Seider* proceeding even if he defends on the merits.

The defendants then are not subject to the personal jurisdiction of the court, but the defense is improperly raised within the context of proceedings herein and the only viability of the defense is limited to a subsequent effort to enforce a judgment in excess of the policy limits by the plaintiffs.

Defendants' second affirmative defense, that the court lacks *in rem* jurisdiction, has been previously ruled upon by Justice Ryan of the Southern District of New York by an endorsement attached to the parties' prior motions, and the court directs the same to be dismissed.

As to the other questions at issue before the court, the court deems it necessary to hold its decision in abeyance in light of the *Van Dusen* decision, *supra*, requiring the application of the transferor court's substantive law including its conflicts rules, enlisting the advisement of further briefs and for oral argument by the parties in support of their positions.

## ORDER GRANTING VOLUNTARY DISMISSAL

This matter came on to be heard on the motion of the plaintiffs that the court voluntarily dismiss the above-captioned matter and proceed with No. 69–418 Civil, a transferred action; and the court having considered the motion, the briefs of parties, and being fully advised,

It is ordered that plaintiffs' motion to voluntarily dismiss the pro se action, No. 69–281 Civil, be and the same is hereby granted.

## SUPPLEMENTAL ORDER

And now, this 13th day of July, 1970, It Is Ordered that plaintiffs' motion to dismiss the affirmative defenses and counterclaim contained in defendants' answer is granted as to defendants' first and second affirmative defenses; plaintiffs' motion for voluntary dismissal of their pro se action, to No. 69–281 Civil, has been granted by order of the court this day;

It Is Further Ordered that the motion by defendants and the intervenor to dismiss the complaint is hereby denied.

The court will withhold its decision on all other issues in this action, and counsel for both parties shall submit additional briefs in support of their positions to the court within 20 days of this date, and oral argument will be heard by the court on the 18th day of August 1970, at 10:00 A.M., at Harrisburg, Pennsylvania.