**Lillian RYER and Alfred Ryer, Plaintiffs,**

v.

**HARRISBURG KOHL BROTHERS, INC.,
et al., Defendants,**

and

**Potomac Insurance Company, Intervenor.**

**Civ. No. 69–418.**

United States District Court,
M. D. Pennsylvania.

Aug. 18, 1971.

Bert W. Subin, New York City, for plaintiffs.

James K. Thomas, Joseph P. Hafer, Metzger, Hafer, Keefer, Thomas & Wood, Harrisburg, Pa., for defendants, Harrisburg Kohl Brothers, Inc., Harold F. Mohn, Potomac Insurance Co., Intervenor.

## MEMORANDUM

HERMAN, District Judge.

On July 13, 1970 this court denied defendants' and the intervenor's motion to dismiss the above-captioned matter and deferred decision on plaintiffs' mo-

tion to dismiss certain affirmative defenses raised by the defendants and intervenor pending filing of additional briefs and oral argument (*see*, 315 F. Supp. 7 1970). Delay was incurred by reason of the dissolution of the law firm representing the defendants and intervenor, and the inability of counsel to arrange for an agreeable time to appear before the court for oral argument. Counsel for the defendants have filed additional motions subsequent to the order of court of July 13, 1970, and all of these issues are now before us.

Incident to the discussion, it is appropriate to note briefly the historical background of this case so that these motions might be understood in their proper context. Previously this cause of action had been transferred to the Middle District of Pennsylvania from the Southern District of New York (*see*, Ryer v. Harrisburg Kohl Brothers, Inc., 307 F. Supp. 276 (S.D.N.Y.1969)). This court, upon transfer denied a motion of the defendants' and the intervenor to dismiss the transferred action, and, additionally, held in abeyance its decision on plaintiffs' motion to dismiss the defendants' affirmative defenses and counterclaim in light of the decision in Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) which required the application by the transferee court of the transferor forum's substantive law, including its choice of law's rules.

In essence the court is hearing this cause of action as if it were a federal court sitting within the Southern District of New York. Jurisdiction is founded upon diversity of citizenship and an amount in controversy, exclusive of interest and costs, in excess of $10,000.00, 28 U.S.C. § 1332, and the nature of the proceeding is in the form of a quasi in rem action by virtue of the attachment of the defendants'-insureds' liability insurance policy, pursuant to the rule of Seider v. Roth, 17 N.Y.2d 111, 269 N.Y. S.2d 99, 216 N.E.2d 312 (1966), upheld in Simpson v. Loehmann, 21 N.Y.2d 305,

287 N.Y.S.2d 633, 234 N.E.2d 669 (1967). *See also* Minichiello v. Rosenberg, 410 F. 2d 106 (2d Cir. 1938), cert. denied, 396 U.S. 844, 90 S.Ct. 69, 24 L.Ed.2d 94 (1969), rehearing denied, 396 U.S. 949, 90 S.Ct. 370, 24 L.Ed.2d 254 (1969).

Defendants' and intervenor's affirmative defenses and counterclaim as enumerated in their answer, are as follows:

"AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO THE SECOND CAUSE OF ACTION

"XI. The second cause of action fails as a matter of law to state a separate cause of action upon which relief can be granted.

"PARTIAL AFFIRMATIVE DEFENSE TO THE FIRST CAUSE OF ACTION AND A SECOND AFFIRMATIVE DEFENSE TO THE SECOND CAUSE OF ACTION

"XII. The jurisdiction of the Court is in rem and is limited by the terms and provisions of a certain automobile liability policy, No. GLA 3652027 (the 'policy'), issued by the intervenor, Potomac Insurance Company, to the defendant Harrisburg Kohl.

"XIII. Under the terms of said policy, the Potomac Insurance Company is only required to pay such compensatory damages as the plaintiff may recover against the said defendants up to the monetary limits stated in said policy.

"AS AND FOR A SECOND PARTIAL AFFIRMATIVE DEFENSE TO THE FIRST CAUSE OF ACTION, AND A THIRD AFFIRMATIVE DEFENSE TO THE SECOND CAUSE OF ACTION

"XIV. Repeats and realleges each and every allegation contained in paragraphs XII and XIII, above, with the same force and effect as though specifically repeated and set forth herein at length.

"XV. Under the terms of the said policy, the Potomac Insurance Company is not required to pay punitive or exemplary damages, and the Court lacks jurisdiction of that portion of the complaint which purports to allege or claim such punitive or exemplary damages, or any damages other than compensatory damages, as aforesaid.

"AS AND FOR A COUNTERCLAIM ON BEHALF OF THE INTERVENOR POTOMAC INSURANCE COMPANY

"XVI. The Potomac Insurance Company (hereinafter 'Potomac') is a corporation organized and existing under the laws of the State of Pennsylvania, and duly authorized to issue automobile liability policies in the State of Pennsylvania.

"XVII. Heretofore Potomac issued a certain automobile liability policy, No. GLA 3652027 (the 'policy') to the defendant Harrisburg Kohl, wherein and whereby it agreed to defend the said defendant against any action which might be brought against it arising out of the operation of the covered motor vehicle, and to pay any judgment which might be obtained against it up to the monetary limits of the policy.

"XVIII. Under the terms of the policy and the New York law governing the attachment of automobile liability policies, Potomac is entitled to invoke the same defenses to this action as are the insureds under the policy, to wit: the defendants Harrisburg Kohl and Harold F. Mohn.

"XIX. Under the provisions of the laws of Pennsylvania one joint tortfeasor is entitled to implead a second joint tort-feasor so as to obtain contribution from him in the event they are both thereafter held to have been jointly liable for the plaintiff's injuries."

Defendants have, in addition, filed motions for (1) a protective order preventing the disclosure of the identity of the intervenor, Potomac Insurance Company, to the jury at the trial, and (2) to strike portions of plaintiffs' complaint; specifically those portions in paragraphs 12, 14, and 18, and an unnumbered paragraph immediately following paragraph 18 wherein specified sums are claimed as damages in both these motions. In both motions defendants request the court to impound the complaint allowing disclosure only by order of the court.

Defendants have sought to strike paragraphs 12, 14, and 18, and an unnumbered paragraph immediately following paragraph 18 of plaintiffs' complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure as immaterial and impertinent. These paragraphs read as follows:

"12. That by reason of the foregoing, this plaintiff has been and will be caused great bodily injuries, pain, shock and mental anguish; has become and still continues to be sick, sore, lame and disabled; has been, and she is informed and verily believes, permanently injured; has been and will be prevented from attending to her usual duties; has incurred and will incur great expense for medical care and attention; in all to her damage in the sum of $500,000.00.

"14. That the said defendants, their agents, servants and/or employees operated their said motor vehicle in such a wanton, grossly negligent reckless, outrageous manner, with utter disregard for human life that solely by reason thereof, plaintiff, LILLIAN RYER, was severely and permanently injured in body and mind; in all to her damage in the sum of $500,000.00.

"18. That as a result of the injuries sustained by this plaintiff's wife, this plaintiff has been and will be deprived of the services, aid and society of his said wife; has been and will be obliged

to incur an expense and obligation for medical attention and medicines for his said wife; in all to his damage in the sum of $50,000.00.

"WHEREFORE, plaintiff LILLIAN RYER demands judgment against the defendants in the first cause of action in the sum of $500,000.00 and in the second cause of action in the sum of $500,000.00; and plaintiff ALFRED RYER demands judgment against the defendants in the third cause of action in the sum of $50,000.00 together with the costs and disbursements of these actions."

■ It has been the rule of this District, subsequent to the decision in Mitchell v. American Tobacco Co., 28 F.R.D. 315 (M.D.Pa.1961), to strike from a civil complaint any specific averments of an alleged unliquidated amount in controversy as being immaterial and impertinent. This salutary rule recognizes the potential for prejudice which may ensue by reason of an allegation of a purely arbitrary figure in the pleadings which may ultimately be implanted in a juror's mind, particularly when the claim for purposes of jurisdiction need only aver that the amount is "a sum in excess of Ten Thousand ($10,000.00) Dollars exclusive of interest and costs."

■ The issue, therefore, on this phase of the case is whether the court is bound otherwise by decisions of the transferor forum, the District Court for the Southern District of New York. Plaintiffs have cited no cases which suggest that a contrary decision would be rendered on a motion to strike under Rule 12(f). Since the Van Dusen decision, *supra*, does not require the transferee forum to apply the local rules of the transferor forum, and there is no suggestion that the transferor forum would decide the Rule 12(f) motion to the contrary, the court, on motion of the defendants and by its own motion, will strike the above portions of the respective paragraphs of the complaint wherein arbitrary monetary damages are al-

leged, and the court amends the complaint in each instance to read, " * * * in a sum in excess of Ten Thousand ($10,000.00) Dollars exclusive of interest and costs." The court further impounds the complaint in this matter which shall not be subject to disclosure except upon order of the court.

With respect to defendants' and intervenor's motion for a protective order preventing the identity of the intervenor, Potomac Insurance Company, from disclosure to the jury at the trial, the court will discuss this issue within the context of plaintiffs' motion to dismiss.

■ The plaintiffs, as noted, have filed a motion to dismiss the affirmative defenses and counterclaim of the defendants and intervenor which are set forth above. It is clear that plaintiffs proper motion is a motion to strike an insufficient defense pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, rather than a Rule 12(b) (6) motion to dismiss as to the affirmative defenses, and the court will construe plaintiffs' motion to dismiss as a motion to strike.

■ Initially, it should be noted that a motion to strike will not be granted unless the insufficiency of the defense is clearly apparent from the pleadings, M. L. Lee & Co. v. American Cardboard & Packaging Corp., 36 F.R.D. 27 (E.D. Pa.1964), and where there is no showing of prejudicial harm to the moving party the courts are not inclined to determine disputed and substantial questions of law in a motion to strike. Burke v. Mesta Machine Co., 5 F.R.D. 134 (W.D.Pa. 1946).

■ Certain procedural problems together with their application are immediately apparent by reason of the nature of the quasi in rem proceeding. Generally if a defendant entered his appearance for purposes of a defense on the merits of the claim in a quasi in rem proceeding, he would subject himself to the in persona jurisdiction of the court. Freeman v. Alderson, 119 U.S.

185, 7 S.Ct. 165, 30 L.Ed. 372 (1886); whereas, if he would not appear and no service of process was made upon him, the nature of the proceeding would essentially be in rem. The defendants herein have responded to the complaint on the merits, but having proceeded with a defense on the merits they have not submitted to the in persona jurisdiction of the court under the Seider rule, *supra*. Simpson v. Loehmann, *supra*, 287 N.Y.S. 2d at 636, 234 N.E.2d at 671. The nature of the proceeding, therefore, maintains its essential characteristic as being quasi in rem, and although the defendants have proceeded to defend on the merits, the court is without personal jurisdiction over them.

■ The court's jurisdiction is derived from the attachment proceedings commenced in New York under New York CPLR § 6202 et seq., wherein the attached debt is the liability insurer's contractual obligation to defend and indemnify the insureds, the defendants. The Potomac Insurance Company is the garnishee under the attachment proceedings, and any recovery is limited to the value of the asset attached; that is, the "res" within the jurisdiction of the court.

■ As noted, both the garnishee, the Potomac Insurance Company, and the defendants have entered an appearance in this action. If this were a proceeding to compel payment under New York CPLR § 6202 the garnishee could "interpose any defense or counterclaim which he might have interposed against the defendant if sued by him." New York CPLR § 6214. Although some jurisdictions permit the garnishee to interpose any defenses available either to him or to the principal defendant, 6 Am.Jur. 2d Attachment and Garnishment § 358 (1963), this does not appear to be the practice in New York and the garnishee is restricted to raising defenses only which he could raise against the defendant. The question then arises as to the extent of the right of the garnishee to appear and defend in its own right or as an intervenor and the defenses which might be raised having entered that appearance. These issues were not briefed by either of the parties.

In Podolsky v. Devinney, 281 F.Supp. 488 (S.D.N.Y.1968), the garnishee-insurer was permitted to present a motion contesting the question of a limited appearance which was later decided by the State courts in the *Simpson* decision, *supra*. But the authority for that appearance, in Podolsky, is not clear, nor is there any reference made to the extent of the defenses which might be raised by the garnishee. Whether or not the garnishee in that capacity is permitted to raise only jurisdictional issues and the permissible defenses under New York CPLR § 6214, appears to be obviated by reason of the permissible limited personal appearance of the principal defendants under Simpson, but it might be said that the defenses raised by a garnishee in the quasi in rem proceeding should be raised only in the proceeding to compel payment.

The plaintiffs have not questioned the standing of the garnishee-intervenor here to join in the affirmative defenses and raise the counterclaim, but say only that they are insufficient as a matter of law as to both parties. The court cannot agree for there are substantial issues posed which the court hesitates to perfunctorily dismiss on a motion to strike when it appears that no prejudice would accrue by the court's refusal to strike at this point in the case.

■ As to the issue of whether or not a separate and independent cause of action exists for exemplary damages arising from an automobile accident, plaintiffs have not sustained their burden of clearly showing the insufficiency of the defense. Even disregarding the possible conflicts issues, which were not briefed as to this question and the question of whether or not the insurer-garnishee may intervene and join in this issue, there appears to be substantial question as to whether or not a separate and inde-

pendent cause of action exists for exemplary damages. Generally the claim for exemplary damages is a derivative of an action for compensatory damages, 17 A.L.R.2d 527, and that no independent cause exists; but, nevertheless, it would appear, considering the other potential issues involved with this question, that no prejudice would result to the plaintiffs if the defense would be permitted to stand. The question may well be moot if the plaintiff fails to sustain his burden of proof at trial as to the facts on this issue, or if a separate cause of action does not exist the court would grant leave to amend the pleadings to conform to the facts on this issue.

Again as to the issue raised by the motion to strike the partial affirmative defense to the first cause of action and a second affirmative defense to the second cause of action, the second partial affirmative defense to the first cause of action, and a third affirmative defense, it is clear that at the least the defendants should be permitted to raise the defense at this point in the proceeding that recovery is limited to the value of the asset subject to the jurisdiction of the court. Minichiello v. Rosenberg, *supra*. The question of whether the insurer can raise this defense within the confines of this proceeding is left undecided, but for the reasons set forth above and that the defense has merit, plaintiffs' motion must fail.

Finally, the crucial issue appears to be whether or not the husband-plaintiff, in the third cause of action, may be interpleaded for purposes of contribution. Here, again, the court is confronted with the issue of whether the intervenor may counterclaim for purposes of contribution, and with a difficult conflicts problem. The court is of the opinion, having reviewed the pertinent decisions regarding the choice of law rules, that the defendants, or the intervenor (if the intervenor has the proper standing to assert the claim) have the right to interplead the driver-plaintiff

Alfred Ryer, subsequent to a severance of the third cause of action, pursuant to Rule 14 of the Federal Rules of Civil Procedure. Although under New York substantive law a defendant has no right to contribution, under the circumstances of this case (*see,* Brown v. Cranston, 132 F.2d 631 (2d Cir. 1942) the court feels that the New York courts applying their choice of law rules would apply Pennsylvania law to this issue.

Prior to the modern approach to the choice of law rules, it was the general rule that the right of one tort-feasor to acquire contribution from another tort-feasor was governed by the law of the place of the tort (29 A.L.R.3d 603). Though the earlier rigid choice of law rules are no longer followed in New York or Pennsylvania, it is the opinion of the court that either under the grouping or "dominant contacts" approach (*see,* Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963)) or the interest analysis approach (*see,* Tooker v. Lopez, 24 N.Y.2d 569, 301 N.Y.S.2d 519, 249 N.E.2d 394 (1969)), New York would, under its modern choice of law rule, adopt the law of Pennsylvania with respect to the issue of contribution.

The policy of New York's substantive law with regard to the issue of contribution can be said to be a plaintiff protecting rule, although much criticized (*see,* 3 Moore's Federal Practice § 14.02 [4.–2] p. 471 (2d ed. 1969); whereas Pennsylvania policy is to the contrary (*see,* National Fire Insurance Company of Hartford v. Daniel J. Keating Co., 35 F.R.D. 137 (W.D.Pa.1964). A true conflict exists as to the choice of laws, but in earlier similar circumstances, prior to the adoption of the modern approach, the New York courts have found that the New York contribution rule is not declarative of a "strong public policy" of the State's laws, thus applying the more liberal contribution rules of the situs of the accident, *see* Tuffarella v. Erie R. R. Co., 10 A.D.2d 525, 203 N.Y.S.2d 468

(1960). There is no indication that New York would, under the modern approach, decide otherwise.

In this case the defendants are residents of and doing business in the Commonwealth of Pennsylvania and are citizens of Pennsylvania for purposes of federal jurisdiction; whereas the plaintiffs are New York domiciliaries. The automobile accident which allegedly gave rise to the cause of action here, took place in Pennsylvania. The defendants' vehicle is presumably licensed and housed within the Commonwealth, and it is undisputed that the liability insurance agreement was negotiated and finalized in Pennsylvania. Although the court is constrained to acknowledge that a potential defendant does not drive down the Pennsylvania highways anticipating his right to contribution in the event of an accident, it is likely that contribution or the lack of contribution is considered by the insurance companies when negotiating or assigning rates to insureds. And it is this liability insurance coverage which is the tenuous thread bringing the defendants within the jurisdiction of the New York courts by virtue of the Seider attachment. Considering the foregoing, it is the opinion of the court that the defendants or the intervenor (if intervention is appropriate and the intervenor has standing to present the claims of the defendants) would be permitted to interplead the plaintiff Alfred Ryer.[1]

The problem confronting the court ultimately, is whether the intervenor has the appropriate standing to intervene with respect to the issues raised herein. This question the court will not meet for it appears that the intervenor is improperly a party in the first instance for failure to comply with Rule 24(c)[2] of the Federal Rules of Civil Procedure.

In this case neither the court nor the parties have been advised by way of motion or otherwise of the nature of the intervention, or the grounds upon which intervention is sought. While the matter was in New York the insurer-garnishee apparently characterized its status as an intervenor in the answer to the complaint without a prior motion to intervene nor any notice thereof, as required by Rule 24(c). This action negates the purpose of the procedure enunciated in Rule 24(c) which was intended to enable the court to properly frame the issues, and to inform the parties against whom some right is asserted or relief sought. Objections to the standing of the party to intervene to litigate those issues are preferably made at that posture when the issues are directly before the court. Considering that the intervention was improper from the inception, the court will grant plaintiffs' motion to dismiss the counterclaim and, in addition, the court on its own motion will dismiss the intervenor Potomac Insurance Company as an improper party to the action, allowing leave to the parties to amend and file such other appropriate motions and defenses.

By reason of the foregoing the court need not decide defendants' motion for a protective order at this time.

For the above reasons the court will enter an appropriate order denying plaintiffs' motion to strike the affirmative defenses and grant plaintiffs' motion to dismiss the counterclaim.

1. If defendants interplead for contribution a question arises as to whether or not they are submitting to the in personam jurisdiction of the court.

2. Rule 24(c) provides, in pertinent part: "A person desiring to intervene shall serve a motion to intervene upon all parties affected thereby. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of the United States gives a right to intervene. * * "