**R. S. E., INC. d/b/a Harrisburg Asphalt Company**

v.

**PENNSY SUPPLY, INC., Bethlehem Mines, a Division of Bethlehem Steel Corporation, Union Quarries, Inc., Hempt Brothers, Inc., Silver Springs Construction Co., Inc., Kimbob, Inc., Locust Point Quarries, Inc., Robert M. Mumma, Sr., Robert M. Mumma, II, Max C. Hempt, Gerald L. Hempt, Harold A. Maxwell, George F. Hempt, and Ronald E. Nye.**

No. 77–689 Civil.

United States District Court, M. D. Pennsylvania.

Nov. 4, 1977.

James P. Cullen, Thomas A. Beckley, Harrisburg, Pa., Louis R. Koerner, Jr., New Orleans, La., for plaintiff.

William D. Boswell, Harrisburg, Pa., John McN. Cramer, Pittsburgh, Pa., Robert M. Reese, Edward C. First, Jr., Harrisburg, Pa., Lewis Bernstein, Norman Diamond, Washington, D. C., Dean A. Weidner, Wilhelm Shissler, Harrisburg, Pa., John M. Eakin, Mechanicsburg, Pa., for defendants.

MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiff has filed this antitrust action against fourteen corporate and individ-

ual defendants, alleging violations of the Sherman Act, 15 U.S.C. §§ 1 & 2, sections 3 and 7 of the Clayton Act, 15 U.S.C. §§ 14 & 18, the Robinson-Patman Act, 15 U.S.C. § 13, and the law of the Commonwealth of Pennsylvania. Five of the defendants have filed a motion to strike the allegations contained in paragraph 55 in the complaint. *See* Fed.R.Civ.P. 12(f) (immaterial allegations). Paragraph 55 is an ad damnum clause in which plaintiff seeks $5,000,000 in actual and $1,000,000 in punitive damages. Ad damnum clauses claiming damages above $10,000 are forbidden by Local Rule 101.06.[1] Although the Local Rule was obviously written with negligence actions under diversity jurisdiction primarily in mind, in antitrust actions, as well, juror prejudice may ensue from the allegations of "purely arbitrary figures" in the ad damnum clause. *Cf. Ryer v. Harrisburg Kohl Brothers, Inc.,* 53 F.R.D. 404, 408 (M.D.Pa.1971). This Local Rule, which is no more than a statement of the practice in this district and others, *see, e. g., A v. B,* 46 F.R.D. 456 (W.D.Pa.1969); *Mitchell v. American Tobacco Co.,* 28 F.R.D. 315 (M.D.Pa.1961), is valid and will be applied in this case. *See Ryer,* 53 F.R.D. at 408.

■ Plaintiff argues that there is a public interest in knowing the contents of pleadings filed in antitrust actions. While that is certainly true, the argument says nothing about what matters are properly included in those pleadings. I doubt, for example, that this public interest would suspend the ordinary operation of Rule 12(f) in striking from a pleading obscene language. The only point here is that the public interest is sufficiently served by providing for public knowledge of the existence of the antitrust action and for public access to the pleading, even though they may not contain an attorney's good-faith estimate of his client's damages.

■ Plaintiff also argues that the complaint with its ad damnum clause conforms

to the Federal Rules of Civil Procedure and that the Local Rule prohibiting ad damnum clauses is inconsistent with the Federal Rules. *See* Fed.R.Civ.P. 83. The inconsistency, it is contended, stems from the requirement of Rule 8(a) of the Federal Rules that the claim for relief shall contain "a demand for judgment for the relief to which [the plaintiff] deems himself entitled." The short answer to this is that Rule 8(a) may also be interpreted as requiring merely an allegation of the *type* of relief requested. *See* 5 C. Wright & A. Miller, Federal Practice and Procedure, *Civil* § 1259, at 259 (1969). As to the contention that the inclusion of an ad damnum clause in a complaint conforms with a practice approved in the Federal Rules, plaintiff cites Rule 84, which states that the "forms contained in the Appendix of Forms are sufficient under the rules . . .," and cites those forms which appear to contemplate the inclusion of specific damage amounts. *See, e. g.,* Form 10, 28 U.S.C.A. Appendix of Forms (1970) (complaint for negligence). Accepting this argument, although I doubt that it can seriously be contended that those who drafted the forms contemplated the problem of damnum clauses, the form most analogous to plaintiff's complaint (Form 17, captioned "complaint for infringement of copyright and unfair competition") contains no ad damnum clause but rather demands that "defendant be required to pay to plaintiff such damages as plaintiff has sustained." I see no reason why plaintiff cannot revise the form of its claim for damages accordingly.

The motion to strike the ad damnum clause will be granted. Plaintiff will be directed to file an amended complaint in this action with the Clerk of the Court within ten days. The amended complaint must be complete in all respects, but if only paragraph 55 is altered, the defendants need only be served with a copy of the language in the new paragraph.

---

1. Local Rule of Court 101.06 provides:

   Any pleading in any civil action demanding relief for unliquidated damages shall, without claiming any specific sum, set forth only whether the amount claimed, exclusive of interests and costs, is in excess of, or not in excess of Ten Thousand Dollars ($10,000.00). . . .