TOWNSHIP OF SOUTH FAYETTE,
Plaintiff,

v.

ALLEGHENY COUNTY HOUSING AUTHORITY, the United States Department of Housing and Urban Development, and its Secretary, Redevelopment Authority of Allegheny County and its Executive Director, the County of Allegheny, Cheryl Sanders, Cecile White, Cheryl Ulrich, Martha Surratt, Sara H. Williams, Kelly Vick, individually and on behalf of all others similarly situated, Christians for a Better Community, Inc., and the Task Force established by the Consent Decree Entered in Civil Action No. 88–1261, Sanders, et al. v. HUD et al., Defendants.

No. CIV.A. 98–1565.

United States District Court,
W.D. Pennsylvania.

Nov. 17, 1998.

Romel L. Nicholas, Gaitens, Tucceri & Nicholas, Pittsburgh, PA, for Plaintiff.

Raymond N. Baum, Rose, Schmidt, Hasley & DiSalle, Pittsburgh, PA, Neva L. Stanger, Campbell Durrant & Beatty, P.C., Pittsburgh, PA, for Allegheny County Housing Authority.

Henry A. Azar, Jr., Michael Sitcov, Attorneys, Dept. of Justice, Civil Division, Washington, DC, Steven Cerny, Office of General Counsel, United States Department of Housing and Urban Development, Washington, DC, for The United States Department of Housing and Urban Development.

Donald Driscoll, Community Justice Project, Pittsburgh, PA, for Sanders Plaintiff Class Members.

John W. Joyce, Allegheny County Housing Authority, Pittsburgh, PA, J. Deron Gabriel, Assistant County Solicitor, Allegheny County Law Department, Pittsburgh, PA, Robert N. Pierce, Counsel to Redevelopment Authority of Allegheny County, Pittsburgh, PA, for Redevelopment Authority of Allegheny County.

## MEMORANDUM AND ORDER OF COURT

DIAMOND, District Judge.

Presently before the court are motions to intervene by a number of municipalities in Allegheny County. For the reasons set forth below, the motions will be denied.

The Township of South Fayette ("South Fayette") filed a complaint for injunctive relief in this case setting forth therein a number of claims for relief based on the contention that the placement of up to nine scattered-site single-family public housing units within its borders pursuant to the provisions of a Consent Decree entered in the case of *Sanders v. United States Department of Housing and Urban Development, et al.*, filed in this court at Civil Action No. 88–1261, violated certain of its rights enumerated in the complaint.

The following municipalities have filed motions to intervene in this case based upon "interests" which they allege are substantially similar to those advanced by South Fayette: Borough of Plum (Document No. 10) (seeking to challenge HUD's purchase or contemplated purchase of properties on grounds of improper notice and location of housing vis-a-vis recreational, shopping and travel services for housing residents); Borough of Forest Hills (Document No. 31) (same); Township of Robinson (Document No. 33) (seeking to intervene in conjunction with the purchase of two units in the Township on the grounds of improper notice, failure to conform to the requirements of the Decree, failure to serve the interests of the class plaintiffs or the community in general and the availability of other methods for achieving the purposes of the Decree); Township of Ross as amended (Documents Nos. 30 and 32) (seeking to intervene on grounds of improper notice, the presence of homeowners' association restrictions which "do not conform to the *Sanders* Decree requirements," and the failure of the implementation process to meet the standard of "fundamental fairness," and asserting that defendants' undertakings are contrary to the

best interests of class plaintiffs and that HUD is ignoring the recommendations of local regional elected officials and administrative personnel); Borough of Monroeville (Document No. 36) (substantially similar); Blawnox (Document No. 34) (substantially similar); Township of Hampton (Document No. 41) (substantially similar); and Borough of West View (Document No. 37) (substantially similar and complaining of perceived disparity of impact between municipalities which contain moderately priced townhouse and subdivision units and the more affluent, rural and less developed municipalities) ("Movants").

Each movant also asserts that while it and South Fayette have similar interests, "their interests are not identical and intervention is necessary [for the respective municipality] to properly preserve and represent its interest in this similar litigation and to avoid dual litigation of similar events."

There are two types of intervention under Fed.R.Civ.P. 24, 28 U.S.C. (1998): intervention as of right under subsection (a) and permissive intervention under subsection (b).

Intervention as a matter of right is recognized under subsection (a) only:

(1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the imposition of the action may as a practical matter impede or impair the applicant's ability to protect that interest, unless the applicant's interest adequately is represented by existing parties.

Permissive intervention under subsection (b) is authorized:

(1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Rule 24(c) sets forth the procedure which must be followed by a person desiring to intervene. It provides in part that "the person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5" which motion "shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought."

■ Although each of the movants sets forth in its motion general legal conclusions as the bases therefor, none has submitted an independent pleading setting forth the claims upon which intervention is sought. Rule 24(c) requires this in order "to enable the court properly to frame the issues, and to inform the parties against whom some right is asserted or relief sought." *In re Pantopaque Products Liability Litigation*, 938 F.Supp. 266, 274 (D.N.J.1996) (*citing Ryer v. Harrisburg Kohl Bros., Inc.*, 53 F.R.D. 404, 411 (M.D.Pa.1971)).

■ Because movants have not submitted pleadings "setting forth the claim or defense for which intervention is sought," their motions to intervene are subject to dismissal for failure to comply with the mandate of Rule 24(c).

However, even if we set aside for the moment this procedural defect and consider the motions on their "merits," we find that intervention is not warranted.

■ Intervention as of right is permitted only if:

(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

*Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 365–66 (3d Cir.1995) (*quoting Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir.), *cert. denied*, 484 U.S. 947, 108 S.Ct. 336, 98 L.Ed.2d 363 (1987)). "Each of these requirements must be met to intervene as of right." *Id.* at 366.

While the nature of the interest required to intervene as of right cannot be defined by a talismanic formula, some general guidelines have emerged. *Id.* The interest asserted by the intervenor must be one that is "significantly protectable." *Id.* (*citing Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971)). This means, *inter alia*, that "the interest must be a legal interest as distinguished from interests of a general and indefinite character [and] the applicant must demonstrate that there is a tangible threat to a legally cognizable interest...." *Id.* (*quoting Harris*, 820 F.2d at 601). Generally, this type of interest has been "recognized as one belonging to or being owned by the proposed intervenor." *Id.* (*citing United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1185 (3d Cir.1994)). It is not necessary that the intervenor demonstrate that it will be bound by the litigation as a matter of *res judicata;* when the litigation directly implicates a movant's legally protectable rights pragmatic considerations as well as due regard for judicial economy are factors to be considered in employing "the elasticity that Rule 24 contemplates when compared to the rigidity of [pre–1966] practice." *Kleissler, et al. v. United States Forest Service, et al.*, 157 F.3d 964, 970–71 (3d Cir.1998).

Here, movants do not claim that a statute of the United States confers a right to intervene. Nor is the interest which they may have in the South Fayette case a "legally cognizable interest." The interest forming the subject matter of the litigation between South Fayette and defendants is the placement of up to nine public housing units within *South Fayette's borders.* Of course, movants have no legal interest which will be affected adversely by the defendants' acquisition of *the nine units in question.* The defendants' acquisition and use for public housing of the nine units in South Fayette will not affect the movants' tax base, will not affect the property values in those municipalities, will not in any way affect the nature or character of their neighborhoods, nor will it in any other way directly affect their legally cognizable interests.

Movants clearly do not have the *right* to intervene under Rule 24(a).

To the extent movants seek to intervene permissively under Rule 24(b) on the ground that their potential claims involve questions of law or fact in common with those asserted by South Fayette, the court in the exercise of its discretion will deny intervention.

While the movants have not filed the pleading required by Rule 24(c) setting forth the specific claims as to which they seek to intervene, it is clear from the motions that they will involve the very questions of law which were raised by the plaintiffs in *Borough of Edgewood, et al. v. Henry Cisneros, in his official capacity as Secretary of The United States Department of Housing and Urban, et al.*, Civil Action 96–775 (W.D.Pa. Dec. 20, 1996), which this court ruled on in an opinion on December 20, 1996, and which was affirmed on appeal. These are the same questions of law raised in South Fayette's complaint and rejected by the court in an opinion dismissing the complaint largely on the basis of rulings made in *Edgewood,* which will be filed following the filing of this memorandum and order. Finally, permitting intervention by the movants would unduly delay the adjudication of the rights of all parties in the South Fayette case, since all common questions of law have been reviewed thoroughly by this court and further delay would serve no useful purpose.

### ORDER OF COURT

AND NOW, this 17th day of November, 1998, for the reasons set forth in the memorandum above, IT IS ORDERED that the motions to intervene by movants (Document Nos. 10, 30, 31, 32, 33, 34, 36, 37 & 41) be, and the same hereby are, denied.